RAMÓN PÉREZ, demandante y apelante, *v.* CANCIO PÉREZ, CATA-
LINA ALVAREZ y SIXTO CENTENO, demandados y apelados.

No. 4446.—*Visto:* Junio 12, 1928. *Resuelto:* Julio 28, 1928.

*E. Huertas Zayas* y *M. Bahamonde,* abogados del apelante; *Agustín E. Font,* abogado de los apelados.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

El demandante y apelante alegaba que estaba en posesión de una casa en Ponce y que había sido perturbado en esa posesión dentro del año, ya que los demandados habían tomado posesión de la casa y estaban cobrando las rentas de la misma y algunos de ellos la vivían. Después de celebrado el juicio la corte de distrito emitió una opinión oral y dictó sentencia a favor de los demandados. La corte resolvió que había conflicto de títulos de conformidad con el caso de *Ortiz*

v. *Silva,* 28 D.P.R. 384, y que en procedimientos como el presente solamente estaba envuelto el derecho de posesión; que no se desprendía que los demandados ocuparan la casa contra la voluntad del demandante sino que este último también ejercía actos de dominio y de posesión; que si bien era cierto que uno cobraba las rentas, el otro también lo hacía así; que de conformidad con el caso de *Llorens* v. *Omedes,* 35 D.P.R. 763, el mero hecho de que una persona cobre los cánones de arrendamiento no es suficiente, si otra persona tiene la posesión judicial de la casa.

Es indudablemente cierto, según lo indican los casos citados, que un dueño que no está en la posesión de la propiedad no puede ser generalmente restituido en la finca mediante el auto de *injunction* conocido por interdicto. La cuestión a resolver siempre es si el demandante estaba en posesión en determinada fecha dentro del año y si se le privó de tal posesión. Hemos leído la prueba y los alegatos y el apelante nos ha convencido de que está en lo cierto. El letrado de los apelados no trató de afrontar el análisis presentado por el apelante, sino que simplemente descansó en un supuesto conflicto de la prueba.

La teoría del demandado era, por lo menos parcialmente, que la casa pertenecía a los esposos Mercedes del Toro Rodríguez y Gloria Rodríguez y que se permitió que Ramón Pérez tomara posesión de la misma para removerla y repararla, pero esto admite la posesión física por parte de Ramón Pérez.

De la declaración de Claudio Ayala, quien fué uno de los testigos de los demandados, creemos que se desprende claramente que él ocupó la casa como inquilino de Ramón Pérez, el demandante; de la declaración de Catalina Alvarez también aparece que ella obtuvo la casa en arrendamiento de Ramón Pérez, aunque trató de decir que la tomó con la condición de que se obtuviera el consentimiento de Cancio Pérez. Se puede ver que ésta era una testigo que no quería declarar nada a favor de Ramón Pérez. Toda la prueba del deman-

dante, la que fué fuerte, tendió a demostrar que él estaba en posesión de la casa cuando Cancio Pérez cobraba el arrendamiento de los inquilinos. El demandado Cancio Pérez nunca ocupó la silla testifical, a pesar de que pudo dar muchas explicaciones. Esto es probablemente cierto también en lo que se refiere a Mercedes del Toro Rodríguez. Si bien los inquilinos más tarde pagaban el arrendamiento a Cancio Pérez, sin embargo, en cada caso Ramón Pérez fué quien los puso en posesión de la casa. Toda la prueba nos convence de que la persona legalmente en posesión de la casa era Ramón Pérez.

Cuando una persona pone a inquilinos en la posesión de una propiedad, la posesión de estos últimos equivale a la posesión de la primera, y si estos inquilinos pagan los cánones de arrendamiento a un tercero y este último toma posesión de la propiedad, al hacerlo así perturba la posesión del primer tenedor, contrario a las disposiciones de la ley de 13 de marzo de 1913, la que dispone un remedio contra los actos violentos o fraudulentos de otra persona. Dentro del significado de la ley, Cancio Pérez actuó fraudulentamente contra Ramón Pérez.

*La sentencia apelada debe ser revocada* y dictarse otra restituyendo a Ramón Pérez en la posesión de la casa objeto de este litigio.