Sucesión de Salomón Maldonado, compuesta de su Viuda Doña Aleja Irizarry y de su hija María Maldonado Irizarry, demandante y apelada, *v.* Rito Maldonado Toro, demandado y apelante.

No. 5233.—*Sometido:* Febrero 19, 1931. *Resuelto:* Junio 23, 1932.

*Guillermo S. Pierluisi* y *R. Atiles Moreu,* abogados del apelante; *Luis Mercader,* abogado de la apelada.

El Juez Asociado Señor Aldrey, emitió la opinión del tribunal.

Esta apelación ha sido interpuesta por el demandado contra la sentencia que en un procedimiento de *injunction* establecido de acuerdo con la Ley No. 43 de 1913 condena al apelante a que se abstenga de cometer actos de perturbación contra los apelados en la posesión de cierta finca rústica.

Los dos primeros motivos de la apelación se fundan en no haber accedido la corte inferior a que fueran eliminadas determinadas palabras de la demanda y en que ésta no expone hechos determinantes de causa de acción, por lo que tendremos que hacer un resumen de sus alegaciones.

Del título de la demanda aparece que la establece la sucesión de Salomón Maldonado compuesta por su viuda Aleja Irizarry y por su hija María Maldonado Irizarry y en sus alegaciones dice que tanto Aleja Irizarry viuda de Salomón Maldonado como su hija María Maldonado Irizarry, quienes forman la sucesión de dicho Salomón Maldonado, se hallan en la posesión material de la finca rústica que describe, herencia de Salomón Maldonado, por más de un año con anterioridad a la presentación de la demanda: que desde el 1 de agosto de 1929, o sea desde un mes antes de la radicación de la demanda, el demandado Rito Maldonado por sí y con sus empleados se introduce en la finca que poseen las demandantes desde hace unos veinticinco años y sin consentimiento de ellas y contra su voluntad ha labrado la tierra, sembrado frutos, ha cortado árboles y ha realizado otros actos análogos.

Dice el apelante que fué error de la corte no haber ordenado que se eliminara de la demanda la siguiente frase: "viuda de Salomón Maldonado como su hija María Maldonado Irizarry, quienes forman la sucesión de Salomón Maldonado." Su fundamento es que no alegándose la muerte

de Salomón Maldonado no tenían para qué exponer las demandantes que son su viuda y su hija y que las dos forman su sucesión.

No creemos que la corte debió ordenar la eliminación de esas palabras de la demanda pues al decirse en ella que Aleja Irizarry es la viuda de Salomón Maldonado se alega implícitamente que él murió, pues esa demandante no puede ser viuda de Salomón Maldonado si éste no ha fallecido.

En cuanto a las alegaciones de la demanda entendemos que son suficientes en esta clase de acción pues dicen que los demandantes tienen la posesión material de la finca desde hace más de un año y expone actos de perturbación en ella por el demandado realizados un mes antes de ser presentada la demanda.

Los restantes motivos de error se refieren a la prueba, pero de ellos sólo trataremos conjuntamente el tercero, cuarto y sexto, o sean los que dicen que no fué probada la personalidad de las demandantes; que erró la corte al sostener que las demandantes están en posesión de la finca y también que el demandado se introdujo en ella contra la voluntad de las demandantes y que sus actos fueron de perturbación, así como por no haber estimado la corte que el demandado adquirió la posesión de acuerdo con un contrato válido y eficaz en derecho.

De las declaraciones de los testigos de ambas partes resulta que Salomón Maldonado murió, que estaba casado con Aleja Irizarry y que María Maldonado es la única hija de ese matrimonio, por lo que no puede sostenerse que no quedó probada la personalidad de las demandantes.

Hubo prueba testifical de la parte actora de que Salomón Maldonado estuvo en posesión de la finca por unos veinticinco años, de que a su muerte continuaron en ella las demandantes y de que el demandado se introdujo en dicha finca un mes antes de ser demandado y aró terreno de ella e hizo plantaciones de guineos. La prueba del demandado reco-

noce que las demandantes y Salomón Maldonado han estado en la finca por muchos años pero por ella se trata de demostrar que tanto la posesión de las demandantes como la de Salomón Maldonado fué como medianeros del dueño de la finca a quien la compró el demandado Rito Maldonado; que las demandantes convinieron con el demandado en marcharse de la finca pagándoles sus siembras por las cuales entregó el demandado $350, después de lo cual el demandado comenzó a hacer siembras en la finca. Poco antes de la presentación de la demanda en este caso el apelante demandó en desahucio por precario a las dos demandantes, juicio que no estaba fallado cuando este juicio fué celebrado.

No puede haber duda por la prueba de que las demandantes están en la posesión material de la finca en cuestión desde hace varios años y de que el demandado penetró en la finca y comenzó a hacer siembras en ella, por lo que está justificada la sentencia apelada a pesar de que en la prueba del demandado se dice que él compró la finca a tercera persona que era dueña de ella, que Salomón Maldonado y su viuda e hija han tenido la posesión como medianeros o aparceros y que las apeladas convinieron con él en desocupar la finca con el pago que les hizo de las siembras que tenían, pues este procedimiento de *injunction* tiene sólo por objeto mantener en la posesión al que la tiene y es perturbado en ella, sin que en él puedan resolverse cuestiones de título. Si las cosas han ocurrido como dice el apelante, tiene otros remedios en la ley para hacer valer sus derechos y conseguir que las apeladas desocupen la finca.

El quinto error alegado es porque la corte inferior no permitió prueba de que hubo una negociación por virtud de la cual cesó la posesión de las demandantes a virtud del artículo 462 del Código Civil. El precepto citado dispone que el poseedor puede perder la posesión, entre otras cosas, por cesión hecha por título oneroso o lucrativo.

La negociación a que se refiere ese error es la que se dice

celebrada entre Rito Maldonado y las demandantes para que abandonaran la finca pagándoles cierta cantidad de dinero. Pero el error alegado por la negativa de esa prueba, cuando era repreguntado un testigo de las demandantes, de existir, no es perjudicial en este caso porque la prueba del demandado se refirió a esa negociación o contrato. Además, ese testigo no declaró en el interrogatorio directo sobre tal negociación.

■ El último error aducido es porque la corte inferior impidió la impugnación del testigo Pedro Cortés.

Después de no haber permitido la corte, como hemos dicho en el error precedente, que el testigo Cortés declarase sobre la referida negociación, manifestó la defensa del demandado que iba a sentar las bases de la impugnación sin decir si era del testigo o de lo que no se permitió repreguntarle, y se le interrogó si Rito Maldonado tomó posesión de la finca, si a su presencia la viuda le entregó la posesión de las plantas y frutos que en ella cultivaba, si el demandado entregó a ella $350 y otras preguntas similares, todas las cuales fueron contestadas en la negativa por dicho testigo; lo que demuestra que no hubo impugnación del testigo como dice el apelante, por lo que no existe el error alegado.

*La sentencia apelada debe ser confirmada.*

El Juez Asociado Señor Córdova Dávila no intervino.