PEDRO PÉREZ PIMENTEL, demandante y apelado, *v.* DOLORES CASTRO, demandada y apelante.

Núm. 7360.—*Sometido:* Noviembre 26, 1937. *Resuelto:* Enero 28, 1938.

*González Fagundo & González, Jr.,* abogados de la apelante; *R. García Cintrón* y *Miguel A. Burset,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR HUTCHISON emitió la opinión del tribunal.

Francisco Peña y María Mendoza ocupaban en marzo, 1934, una casa en Humacao. Peña falleció y doña María se fué para Cayey. Antes de irse entregó la llave a Alipio Ri-

vera con instrucciones de que la diera a cualquiera de los herederos de Juana Díaz Cruz, de Vieques. En abril, Áureo Díaz fué a Humacao y pidió a Rivera que le entregara la llave. Rivera consultó con Pérez Pimentel, el aquí demandante, y éste le dió instrucciones de que entregara la llave a Díaz. Rivera lo hizo así. Díaz le devolvió a Rivera la llave para que la guardara sujeto a las instrucciones que recibiera de Pérez Pimentel. En agosto, Augusto Márquez tomó la casa en arrendamiento, y Rivera de conformidad con las instrucciones recibidas de Pérez Pimentel, entregó la llave a Márquez. Éste pagó las rentas a Pérez Pimentel como agente de la Sucesión Díaz. En junio, 1935, la Sucesión Díaz traspasó su derecho, título e interés a Pérez Pimentel. De la escritura de enajenación se desprendía que Juana Díaz Cruz era la viuda de Francisco Peña y que la casa había pertenecido a la sociedad de gananciales. Pérez Pimentel, luego de haber adquirido de la Sucesión Díaz, cobró las rentas en calidad de dueño. En octubre, 1935, Márquez desocupó la finca. Al mismo tiempo Dolores Castro tomó posesión de ella y se opuso a la tentativa de Pérez Pimentel de ocuparla. Entonces Pérez Pimentel inició el presente litigio.

La demandada apela de una sentencia adversa. Su contención es que la corte de distrito cometió error al declarar con lugar una moción para eliminar ciertos particulares de la contestación y al dictar una sentencia que no está sostenida por la prueba y que es contraria a las disposiciones de los artículos 369, 374, 379, 389, 328 y 333 del Código Civil (ed. de 1930).

Las alegaciones eliminadas aducían por vía de defensa que los hijos legítimos de la demandada, Luis Gilberto y Virginia Peña Castro, y Julia Gloria Peña, una hija natural reconocida, habían sido declarados herederos de Francisco Peña y que como tales eran los dueños de una mitad indivisa de la propiedad. La cuestión de título no está envuelta

y no puede ser considerada en un procedimiento de esta índole. La corte de distrito en su consecuencia no cometió error al eliminar de la contestación las alegaciones relativas al título de los hijos de la demandada. *Cividanes* v. *Obén y Vázquez,* 34 D.P.R. 802; *Pérez* v. *Marrero,* 47 D.P.R. 456; *Sucn. Maldonado* v. *Maldonado,* 43 D.P.R. 678.

Los artículos del Código Civil en que se funda la apelante leen, en el orden citados por ella, como sigue:

"Artículo 369.—La posesión de los bienes hereditarios se entiende trasmitida al heredero sin interrupción y desde el momento de la muerte del causante, en el caso de que llegue a adirse la herencia.

"El que válidamente repudia una herencia se entiende que no la ha poseído en ningún momento.

"Artículo 374.—La posesión como hecho, no puede reconocerse en dos personalidades distintas, fuera de los casos de indivisión. Si surgiere contienda sobre el hecho de la posesión, será preferido el poseedor actual; si resultaren dos poseedores, el más antiguo; si las fechas de las posesiones fueren las mismas, el que presente título; si todas estas condiciones fuesen iguales, se constituirá en depósito o guarda judicial la cosa, mientras se decida sobre su posesión o propiedad por los trámites correspondientes.

"Artículo 379.—Cada uno de los partícipes de una cosa que se posee en común, se entenderá que ha poseído la parte que al dividirse le cupiere durante todo el tiempo que duró la indivisión. La interrupción en la posesión del todo o parte de una cosa poseída en común, perjudicará por igual a todos.

"Artículo 389.—El poseedor puede perder su posesión:

"1. Por abandono de la cosa.

"2. Por cesión hecha a otro por título oneroso o gratuito.

"3. Por destrucción o pérdida total de la cosa, o por quedar ésta fuera del comercio.

"4. Por la posesión de otro, aun contra la voluntad del antiguo poseedor, si la nueva posesión hubiese durado más de un año.

"Artículo 328.—Cada partícipe podrá servirse de las cosas comunes, siempre que disponga de ellas conforme a su destino y de manera que no perjudique el interés de la comunidad, ni impida a los copartícipes utilizarlas según su derecho.

"Artículo 333.—(*Artículo 406, Código Civil de 1902, enmendado según la Ley núm. 15 de 1916, pág. 48.*)—Todo condueño ten-

drá la plena propiedad de su parte y la de los frutos y utilidades que le correspondan, pudiendo en su consecuencia enajenarla, cederla o hipotecarla, y aun sustituir otro en su aprovechamiento y darla en arrendamiento, salvo si se tratare de derechos personales, pero el efecto de la enajenación o de la hipoteca con relación a los condueños, estará limitado a la porción que se les adjudique en la división al cesar la comunidad, y el efecto del arrendamiento será conferir al arrendatario, durante el término del contrato, las facultades del condueño en orden a la administración y mejor disfrute de la cosa común.''

Cualquiera que sea el significado, alcance y efecto ordinario de estas disposiciones, el punto primordial en un caso de este género es siempre sólo una cuestión de posesión material y física en lo que a la ocupación personal se refiere, nunca una cuestión de posesión o de derecho de posesión civil, implícita o legal. *Cividanes* v. *Obén y Vázquez,* supra; *Pérez* v. *Marrero,* supra; *Sucn. Maldonado* v. *Maldonado,* supra; *Pérez* v. *Pérez,* 38 D.P.R. 753; Manresa, Comentarios a la Ley de Enjuiciamiento Civil, Vol. 6, págs. 147, 148; Manresa, Comentarios al Código Civil (ed. 1929), Vol. 4, págs. 142, 145, 223; 6 Manresa 278 y 281.

La evidencia, considerada desde este punto, bastaba para sostener la sentencia. Fuera del hecho de que la cuestión de costas gira en torno al resultado de la presente apelación, las otras cuestiones ya discutidas resultarían académicas. Véase *Pérez* v. *Castro,* 52 D.P.R. 274.

*La sentencia apelada debe ser confirmada.*

El Juez Asociado Señor Córdova Dávila no intervino.