MATÍAS DE LOS SANTOS FRUCTUOSO, demandante y apelado, *v.* JOSÉ SEIJO y CARMEN MERCEDES GÓMEZ, demandados y apelantes. FÉLIX DE LOS SANTOS, demandante y apelado, *v.* JOSÉ SEIJO y CARMEN MERCEDES GÓMEZ, demandados y apelantes.

Núms. 7688 y 7689.—*Sometidos:* Mayo 23, 1938. *Resueltos:* Julio 12, 1938.

*C. Iriarte, F. Fernández Cuyar* y *H. González Blanes,* abogados de los apelantes; *Aurelio Rivas,* abogado del apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO emitió la opinión del tribunal.

Los demandantes apelados solicitan la desestimación de estos recursos interpuestos por los demandados contra sentencias por virtud de las cuales se declararon con lugar las demandas en dos pleitos sobre *injunction* posesorio. Los pleitos se vieron conjuntamente en la corte de distrito y los fundamentos de sus sentencias se expusieron por dicha corte en una sola opinión. Seguiremos el mismo procedimiento.

En la demanda correspondiente al recurso Núm. 7688, Matías de los Santos alegó substancialmente que dentro del año precedente a su presentación estuvo en posesión real y material de una parcela de terreno, que describe; que los demandados acompañados de sus empleados en mayo 13, 1937, sin su consentimiento y contra su voluntad, violentamente, penetraron en dicha parcela, cortaron árboles y construyeron una cerca encerrando dentro de la misma una porción de ciento dos metros cuadrados que se describe, tomando posesión de ella y despojando de su posesión al demandante; que el mismo día y en la misma forma los demandados destrúyeron una cerca de alambre que marcaba la colindancia norte de la parcela poseída por el demandante y construyeron una letrina privando al demandante de la posesión del terreno que ocuparon para ello, que se describe, y que sobre la porción que ocuparon y cercaron comenzaron a fabricar una casa.

Y en la demanda correspondiente al recurso Núm. 7689, Félix de los Santos substancialmente alegó que se hallaba en posesión real y material de cierto solar, que describe, y que los demandados violentamente y contra su voluntad penetraron en el mismo quitando una cerca de alambre que marcaba la colindancia sur que lo separaba del solar que ocupaba el otro demandante Matías de los Santos y cavaron un hoyo para ser usado como parte de una letrina, ocupando con la caseta de la misma el espacio de terreno que describen, despojando de su posesión al demandante.

Contestando la primera demanda los demandados aceptaron "que el demandante, como simple detentador, ha ocupado dentro del año precedente a la presentación de su demanda y en el presente ocupa actual y corporalmente la casa que se describe en dicho apartado tercero de la demanda y que, asimismo ocasionalmente transita por y disfruta de la parcela de terreno que también se describe en el mencionado apartado tercero; aceptan asimismo que el demandante ha utilizado como letrina una caseta situada al fondo de la propiedad descrita; niegan los demandados que dentro del año

precedente a la presentación de la demanda, o en cualquier otro tiempo, haya estado el demandante en posesión real y material, o de clase alguna, de la finca que se refiere el repetido párrafo tercero de la demanda, y, por el contrario, alegan los demandados que si bien el demandante y su familia han venido detentando y detentan la casa ubicada en el terreno mencionado disfrutando y usando ocasionalmente dicho terreno y la caseta de maderas aludida en la descripción hecha en el párrafo tercero de la demanda, son los demandados y no el demandante quienes han estado en posesión civil y jurídica dentro del año precedente a la presentación de la demanda y desde noviembre 21 de 1932, fecha en la que la demandada Carmen Mercedes Gómez redimió una finca con cabida de mil metros cuadrados,....de la cual forma parte la parcela descrita en el tantas veces mencionado apartado tercero de la demanda y la que por no pagarse las contribuciones sobre la propiedad se adjudicara el Pueblo de Puerto Rico en subasta pública.''

Aceptaron además la realización de los hechos que se les atribuyén pero sosteniendo que actuaron con derecho para ello, y contrademandaron alegando que eran dueños en pleno dominio de una parcela de terreno de mil cinco metros cuadrados en Barrio Obrero de Santurce, que describen, dentro de la cual estaba comprendida la que el demandante alega que poseía, e imputaron al dicho demandante actos constitutivos de perturbación del derecho de los demandados, pidiendo a la Corte que ordenara la cesación de los mismos.

La contestación a la segunda demanda es similar, alegándose en la parte de la misma titulada ''Materia nueva constitutiva de oposición'' lo que sigue:

''.  .  .  .  que la codemandada Carmen Mercedes Gómez es dueña y tiene la plena y entera propiedad, así como la posesión civil, de las parcelas que se describen en los apartados tres y cuatro de la demanda,  .  .  .

''Que el demandante ocupa de mala fe y abusando de la tolerancia de los demandados la casa descrita en el apartado tercero de la

demanda y transita a su antojo y sin autorización de los demandados por la finca de Carmen Mercedes Gómez.

"Que en el mes de enero los demandados instaron una acción de desahucio contra el demandante Félix de los Santos, y contra su padre Matías de los Santos y esta Honorable Corte dictó sentencia adversa a los demandados por no haberse precisado con la evidencia los límites y linderos exactos del inmueble que en la finca de la demandada ocupan en precario Matías de los Santos y Félix de los Santos, . . .

"Que de constituir posesión la tenencia y detentación del demandante de la casa descrita en el apartado tercero de la demanda, así como las transgresiones del demandante en la parcela de terreno a que dicho apartado se refiere, alegan los demandados que dicha posesión, de existir ésta, concurriría con la posesión civil y jurídica que ellos tienen, siendo esta última posesión, así como el ejercicio de los derechos posesorios de los demandados protegibles interdictalmente con tanta o mayor razón que la mera detentación o tenencia de la cosa.''

La Corte de Distrito, basándose en las alegaciones y en la evidencia practicada en el acto de la vista, resolvió ambos pleitos, como ya hemos indicado, en contra de los demandados.

¿Son frívolas las apelaciones que éstos interpusieron, como sostienen los apelados? Tras un estudio cuidadoso de los autos creemos que en verdad lo son.

Transcribimos casi íntegra la materia nueva de la contestación de los demandados en el segundo pleito, porque élla da el tono de su teoría, aun tratando de reducir a actos de mala fe y tránsito tolerado los de posesión que reconoce que realizaban y siguen realizando en parte los demandantes. Éstos alegaron y demostraron algo más. Probaron la posesión material adversa del inmueble por su parte en la forma y por el tiempo que la ley, interpretada por la jurisprudencia, dice que debe protegerse mediante el procedimiento de *injunction* autorizado por la Ley núm. 43 de 1913 (pág. 85), según enmendada por la núm. 11 de 1917 ((2) pág. 221). "Entendemos que los demandantes han probado las alegaciones de su demanda'', consignó expresamente la corte sentenciadora en su relación del caso y opinión.

Quizá en la parte demandada en ambos litigios esté el verdadero título de propiedad y como consecuencia el derecho a la posesión de las porciones de tierra de que se trata, pero es lo cierto que la posesión material adversa la tenían los demandantes y desde hace años en *Cividanes* v. *Obén y Vázquez,* 34 D.P.R. 802, 812, dijo esta corte:

"Si bien la demanda de intervención habla en términos generales y sin hacer diferencia alguna entre la posesión natural y la civil, la única cosa envuelta, si no la única cuestión que podía ser levantada aquí, era y es si el demandante estaba en posesión real del terreno en el cual las casas edificadas por los interventores estaban situadas. Si es así, él tiene derecho al inmediato restablecimiento de tal posesión, aparte de cualquier derecho que los interventores puedan tener, de ser alegados en la debida acción para lanzar al administrador de cualquier parte o porción o de la totalidad del terreno, o prohibirle que intervenga con el ejercicio por parte de los interventores de cualquier derecho que puedan tener a participar en tal posesión, o solicitar cualquier otro remedio, bien sea en ley o en equidad.

"Mientras no se pruebe de un modo claro que existió error, si lo hubo, en las anteriores decisiones de esta corte, estamos obligados a resolver de conformidad con las mismas y de acuerdo con la historia del interdicto de recobrar de la Ley romana, que el espíritu y objeto de nuestro estatuto es desalentar aquella conducta tendente a provocar una violación de la paz, para dar a las partes en posesión un día ante la corte, obligando a las partes que no están en posesión a acudir a las cortes para establecer sus derechos en vez de tomar la ley por su mano. Parece ser consecuencia de la precedente proposición que una posesión civil anterior y coexistente, o un derecho posesorio en ley o equidad, no es ninguna defensa contra un procedimiento para recobrar la posesión material una vez que ha sido perdida como consecuencia de procedimientos violentos o clandestinos empleados por un demandado. Véase también el tomo 6 de Manresa, Comentarios a la Ley de Enjuiciamiento Civil Española, Tercera Edición, Título 20, págs. 142, 149, 152, 153, 155 y 157."

Expresando luego en el de *Fernández* v. *González,* 41 D. P.R. 726, 728:

"El artículo 446 del Código Civil que también cita la corte, en el que se dice que los actos meramente tolerados y los ejecutados

clandestinamente y sin conocimiento del poseedor de una cosa, o con violencia, no afectan a la posesión, no es para ser considerado y tenido en cuenta al resolver esta clase de *injunctions* en los que, como hemos dicho, sólo se ventilan cuestiones de hecho y no el derecho con que el demandante usaba el camino y, por consiguiente, si por tratarse de actos meramente tolerados no queda afectada por ellos la posesión del dueño de la finca. Como dice la sentencia del Tribunal Supremo de España de 3 de abril de 1884, tomo 54 de la Jurisprudencia Civil, 'el interdicto de recobrar, no sólo compete a los que tienen la posesión jurídica, sino también a los que se hallan en la tenencia de la cosa o lo que es lo mismo en la simple ocupación actual y corporal de ella con derecho o sin él. . .' Y en la de 20 de noviembre de 1913, Jurisprudencia Civil, tomo 125, pág. 356, del mismo tribunal, también se dice: 'Basta leer el art. 446 y sus concordantes del Código Civil para convencerse de la vigencia de la Ley Procesal y sostener con ella que en los interdictos, si no han de perder su propia naturaleza al punto de hacer inútil el juicio plenario, sólo puede discutirse el hecho de la posesión para protegerla de toda perturbación momentánea, nunca sobre el derecho efectivo de la misma que ha de consistir en el por qué y cómo se posee.' "

Y recientemente en *Pérez* v. *Castro,* 52 D.P.R. 573, 576:

". . . . el punto primordial en un caso de este género es siempre sólo una cuestión de posesión material y física en lo que a ocupación personal se refiere, nunca una cuestión de posesión o de derecho de posesión civil, implícita o legal. *Cividanes* v. *Obén y Vázquez,* supra; *Pérez* v. *Marrero,* supra; *Sucn. Maldonado* v. *Maldonado,* supra; *Pérez* v. *Pérez,* 38 D.P.R. 753; Manresa, Comentarios a la Ley de Enjuiciamiento Civil, Vol. 6, págs. 147, 148; Manresa, Comentarios al Código Civil (ed. 1929), Vol. 4, págs. 142, 145, 223; 6 Manresa 278 y 281."

Hemos examinado el extenso alegato presentado por la parte apelante para sostener sus recursos y la verdad es que para declarar éstos con lugar habría que revocar o modificar por lo menos substancialmente la jurisprudencia de esta Corte Suprema sobre la materia establecida en una larga serie de casos durante un considerable número de años con toda fijeza y claridad y dicha parte no nos ha convencido de

448

que ésa sea la línea necesariamente justa a seguir en estos casos.

*Deben declararse las mociones con lugar y desestimarse ambos recursos.*

El Juez Asociado Señor De Jesús no intervino.