MILDRED SEGARRA BOERMAN, demandante y recurrente, *v.*
FRANCISCO VILARIÑO y PONCE REAL ESTATE CORPORATION,
demandados y recurridos.

*Número:* R-62-155          *Resuelto:* 28 de abril de 1965

*Francisco Vázquez Gutiérrez,* abogado del recurrente; *Práxedes Álvarez Leandri,* abogado de los recurridos.

Sala integrada por el Juez Asociado Señor Pérez Pimentel como Presidente de Sala y los Jueces Asociados Señores Rigau y Dávila.

EL JUEZ ASOCIADO SEÑOR RIGAU emitió la opinión del Tribunal.

Se trata de un interdicto posesorio. En el Título dedicado a la posesión, el Código Civil, dispone en su Art. 370 (31 L.P.R.A. sec. 1444) lo siguiente:

"En ningún caso puede adquirirse violentamente la posesión mientras exista un poseedor que se oponga a ello. El que se crea con acción o derecho para privar a otro de la tenencia de una cosa, siempre que el tenedor resista la entrega, deberá solicitar el auxilio de la autoridad competente."

Y en su Art. 375 (31 L.P.R.A. sec. 1461) el mismo cuerpo legal dispone:

"Todo poseedor tiene derecho a ser respetado en su posesión; si fuere inquietado en ella, deberá ser amparado o restituído en dicha posesión por los medios que las leyes de procedimientos establecen."

Es claro que esas disposiciones están basadas en razones de orden público. Propenden a mantener la paz y proscriben el uso de la fuerza y de la violencia como medios

de resolver conflictos de posesión. (¹) Nuestras leyes de procedimientos proveen los medios para amparar o restituir al poseedor inquietado en su posesión. Véanse los Arts. 690 al 695 del Código de Enjuiciamiento Civil (32 L.P.R.A. secs. 3561–3566), dejados en vigor por la Regla 72 de Procedimiento Civil, relativos a los interdictos para retener o recobrar la posesión de inmuebles. Dice el primero de dichos artículos:

"Se concederá un "injunction" para retener o recobrar la posesión material de propiedad inmueble, a instancia de parte interesada, siempre que ésta demuestre, a satisfacción de la corte, que ha sido perturbada en la posesión o tenencia de dicha propiedad, por actos que manifiesten la intención de inquietarle o despojarle, o cuando haya sido ya despojada de dicha posesión o tenencia." Art. 690; 32 L.P.R.A. sec. 3561.

La demandante-recurrente, Mildred Segarra Boerman, instó acción contra Francisco Vilariño y la Ponce Real Estate Corporation, la cual tituló "Injunction Para Retener la Posesión y Otros Extremos." (²) Alegó ser dueña de un solar edificado en el cual está ubicado el teatro Fox-Delicias de Ponce, cuyo solar da frente a la Plaza Muñoz Rivera de aquella ciudad y colinda por el este con un solar, no edificado a la fecha en que se radicó la demanda, propiedad antes de Francisco Vilariño y luego de la Ponce Real Estate Corp., corporación de la cual Francisco Vilariño es principal accionista y Secretario y quien dirige los actos y la administración de dicha corporación. Alegó además la demandante que "el co-demandado Frank Vilariño por sí y actuando en representación de la Corporación Ponce Real Estate Corp. desposeyó a la demandante de una franja de terreno de más o menos un metro de ancho por tres metros de largo que forma parte del solar descrito en el hecho Segundo anterior y hace más o

---

(¹) Sobre la posesión de bienes muebles, véanse los Arts. 393–395 del Código Civil, 31 L.P.R.A. secs. 1479–1481.

(²) Nos referimos a la demanda enmendada.

menos siete meses destruyó una pared que marcaba la colindancia entre el solar de la demandante y el de la co-demandada en la colindancia este apropiándose ilegalmente de la referida franja de terreno de ese modo, uniéndolo al solar de su propiedad aunque sin haber levantado pared ni cerca alguna para marcar la colindancia entre el edificio de la demandante y el solar de la parte demandada."

También alegó que la pared destruida tenía un valor aproximado de $3,000.00; que repetidas veces ha requerido de los demandados que repongan dicha pared, a lo que éstos se han negado; y que ha estado en posesión del predio o franja de terreno en cuestión como su única y legítima dueña desde el año precedente a la radicación de la demanda, habiéndolo poseído legalmente desde el año 1943, fecha en que compró dicho solar.

Solicitó la demandante que el Tribunal ordenase a la parte demandada (1) que construyese una pared medianera en el mismo sitio donde ubicaba la anterior o que en su defecto pagase a la demandante el costo de la pared, que estimó en $3,000.00; (2) que restituyese a la demandante el predio de terreno en controversia; (3) que se abstenga de intervenir con el derecho de posesión y de propiedad de la demandante sobre dicho predio; y (4) solicita que se condene a los demandados al pago de las costas y honorarios de abogado de la demandante.

Contestaron los demandados negando prácticamente todas las alegaciones de la demanda y específicamente la posesión alegada por la demandante. Se vio el juicio y tres días más tarde el juez sentenciador hizo una inspección ocular.

Mediante su sentencia de 27 de noviembre de 1961 el tribunal de instancia declaró sin lugar la demanda. Luego de una vista sobre las mociones sobre determinaciones adicionales de hecho y de reconsideración, radicadas por la demandante, a cuya vista no comparecieron los demandados, el

tribunal emitó su Resolución de 8 de mayo de 1962 declarando sin lugar ambas mociones.

En su sentencia de 27 de noviembre de 1961, luego de calificar la prueba presentada como "sustancialmente no contradictoria," el juez sentenciador hizo las siguientes conclusiones de hecho: (1) Que la demandante es dueña desde el año 1943 del solar que ella describe en su demanda enmendada; (2) que la Ponce Real Estate Corporation es dueña del solar que colinda por el este con el solar de la demandante; (3) que dicho solar lo adquirió la Ponce Real Estate Corp. de la Corporación 5 & 10 Vilariño, Inc. el 18 de marzo de 1960; (4) que la Corporación 5 & 10 Vilariño lo adquirió el 5 de marzo de 1960 de Alfredo Sambolín Pérez, quien era dueño del solar desde el 1945; (5) que ni la demanda ni la prueba presentada identifican debidamente la parcela de terreno objeto del interdicto; y (6) que existe una controversia entre las partes sobre si la franja de terreno en cuestión forma parte del solar de la demandante o del solar de los demandados.

Como conclusión de derecho opinó el juez lo siguiente:

"Estimamos, que no es el interdicto posesorio el remedio adecuado para dilucidar esta controversia a estas alturas donde han desaparecido signos, marcas y objetos de identificación que nos pudieran haber dado una orientación fundamental para la resolución del caso. Evidentemente, dentro de las circunstancias concurrentes, las partes deben recurrir a la acción ordinaria para reclamar su derecho y resolver definitivamente la controversia."

Basado en las anteriores mencionadas conclusiones de hecho y de derecho el Tribunal Superior declaró sin lugar la demanda.

En su Resolución de 8 de mayo de 1962 el juez sentenciador, luego de hacer un resumen de la prueba oral presentada, y contrario a lo que había dicho en su Sentencia de 27 de noviembre de 1961, expresó que en cuanto a la cabida y localización de la franja de terreno en controversia "hay con-

tradicciones fundamentales." Sobre lo que reveló la inspección ocular escribió, en parte, lo siguiente:

"La inspección ocular que celebramos después de la vista no reveló nada importante en relación con la identificación del sitio en controversia salvo que en una pequeña área de la acera que está localizada frente al edificio de la Ponce Real Estate y cerca de la pared actual que divide las propiedades de los litigantes, el juez suscribiente pudo notar que habían losetas anaranjadas rotas y cortadas que eran del mismo estilo, color y tamaño de las losetas que estaban incrustadas frente al edificio del teatro Fox Delicias. También pudo notar que en el solar vacío que el Sr. Sambolín le vendió a la parte demandada se estaba terminando de construir un edificio de tipo comercial."

Continúa expresando el juez sentenciador en su resolución que estima que debe considerar no solamente si la demandante tenía derecho a la protección al tiempo de interponer su demanda, sino también los hechos y las circunstancias concurrentes a la fecha de la celebración del juicio y de la inspección ocular. Añade que las condiciones originales que prevalecían en el área en controversia al tiempo de radicarse la demanda variaron sustancialmente durante el curso del juicio. "Siendo ello así," escribe el juez sentenciador, "creemos que este es un caso donde debe aplicarse la regla del balance de conveniencia. Actualmente la expedición de injunction resultaría de muy poco beneficio para la demandante y podría causar graves perjuicios a la parte demandada o a un tercero que estuviera establecido en ese sitio. La parte demandada debe por tanto recurrir a la acción ordinaria correspondiente para dilucidar definitivamente el derecho a la posesión de la franja de terreno en controversia y reclamar además los daños que le ha podido ocasionar el usurpador al desposeerla de la posesión del terreno. Por los fundamentos expuestos el Tribunal declara sin lugar la Moción para Hacer Determinaciones Adicionales de Hecho y la Moción de Reconsideración."

La demandante señala los siguientes errores: (1) la sentencia es totalmente contraria a la prueba presentada porque de la misma y de la inspección ocular se desprende la identidad de la franja reclamada, así como la posesión que de la misma tenía la demandante; (2) erró el tribunal al considerar que era necesario determinar a quién pertenecía el terreno en cuestión; (3) al estimar que hubo contradicciones fundamentales en cuanto a la identificación del terreno en controversia; (4) al darle peso decisivo a asuntos sobre los cuales no desfiló prueba; (5) al creer que debía considerar los hechos y circunstancias posteriores a la radicación de la demanda, para determinar si la demandante era acreedora al remedio solicitado y (6) al aplicar la regla del balance de conveniencias y estimar que de expedirse el interdicto resultaría éste de muy poco beneficio para la demandante y podría causar graves perjuicios a los demandados o a un tercero que estuviese establecido en aquel sitio.

Hemos leído la transcripción de evidencia, la sentencia y la resolución del tribunal de instancia antes mencionadas, y los alegatos de las partes. Creemos que cualquier imprecisión de que hubiese adolecido la descripción que se hizo en la demanda del pedazo de terreno en controversia quedó subsanada por la prueba y por la inspección ocular. *Serrano* v. *Sucn. Santos*, 24 D.P.R. 175 (1916). Tanto los testigos de la demandante como los de los demandados se refirieron con claridad al pedazo de terreno en controversia y estuvieron de acuerdo en su localización. En lo que unos y otros no estuvieron de acuerdo es en cuanto a quién pertenece dicho terreno. Como se sabe, el interdicto posesorio tiene por objeto mantener en la posesión al que la tiene y es perturbado en ella, sin que en él puedan resolverse cuestiones de título. *Rodríguez* v. *Suárez*, 71 D.P.R. 728 (1950); *Rivera* v. *Cancel*, 68 D.P.R. 365 (1948); *Sucn. Maldonado* v. *Maldonado*, 43 D.P.R. 678 (1932).

Sobre el hecho de la posesión, sin entrar en la cuestión del título, nos parece revelador el siguiente hallazgo del juez hecho en la inspección ocular: "El Tribunal en el área en controversia nota que hay algunas losetas color anaranjadas, rotas y cortadas, y ese mismo tipo de losetas se nota actualmente y están incrustadas en la acera frente al edificio del Fox en relación con la pared actual que divide el Ponce Real Estate del Teatro Fox donde estaba el muro a que se hizo referencia."

Si la demandante fue perturbada en su posesión, como creemos que lo fue, yerra el tribunal de instancia al opinar que "no es el interdicto posesorio el remedio para dilucidar esta controversia a estas alturas donde han desaparecido signos, marcas y objetos de identificación que nos pudieran haber dado una orientación fundamental para la resolución del caso."

Es persuasivo el argumento que utiliza la demandante en el sentido de que cuando se practicó la inspección ocular se apreciaban los cimientos de la pared derrumbada y que todavía estaban los mosaicos o losetas en la acera que indicaban el punto hasta donde había estado poseyendo la demandante. Es improbable que el dueño del solar, entonces baldío, que colinda por el este con el solar del cine Fox, incurriese en el gasto, sin objetivo, de poner en la acera, frente a su solar, losetas de la misma clase, color y tamaño que las que había puesto en su solar y en la acera frente al cine Fox, los que construyeron dicho cine. Además, en el supuesto de que hubiesen desaparecido tales signos de identificación, eso de por sí no sería razón para denegar el recurso. Si así fuese, bastaría que en estos casos el usurpador destruyese los llamados signos de identificación para así derrotar el derecho del poseedor víctima de la usurpación.

La llamada regla de conveniencia no es aplicable en un caso como éste. No se trata de un interdicto preliminar bajo las Reglas de Procedimiento Civil sino de un interdicto

posesorio bajo disposiciones del Código de Enjuiciamiento Civil, como indicamos antes en esta opinión. Además, dicha regla no sería de aplicación por el mero hecho de que, de declararse la demanda con lugar, el demandado sufriría inconveniencias o gastos de mayor importancia que los que sufriría la parte demandante de perder ésta el pleito. Cf. *American Smelting & Refining Co. et al.* v. *Godfrey et al.*, 158 Fed. 225 (1907); *Stuart et al.* v. *Lake Washington Realty Corp. et al.*, 92 S.E.2d. 891 (1956); *McCausland* v. *Jarrell et al.*, 68 S.E.2d 729 (1951); *Hulbert* v. *California Portland Cement Co.*, 118 Pac. 928 (1911); *Bourne* v. *Wilson-Case Lumber Co.*, 113 Pac. 52 (1911); *Stewart* v. *Flinkstone*, 92 N.E. 37 (1910); *Weston Paper Co.* v. *Pope et al.*, 57 N.E. 719 (1900); Anotación, *"Pollution of stream by mining operations,"* 39 A.L.R. 891, 896: Anotación, *"Doctrine of comparative injury in suit to enjoy nuisance,"* 61 A.L.R. 924. Si los hechos posteriores a la usurpación convalidasen la misma, quedaría derrotado el propósito de los interdictos posesorios—mantener la paz social—y la situación revertiría a una primitiva en que las partes tendrían que hacerse la justicia por su propia mano. Como sugerimos al comienzo de esta opinión, esa es la situación que el régimen de derecho trata de evitar.

La prueba demostró la posesión por parte de la demandante del pedazo de terreno en controversia, durante el año anterior a la radicación de la demanda, y que aquélla radicó la acción al ser perturbada en su posesión.

*Por las razones expuestas en esta opinión se revocará la Sentencia del Tribunal Superior, Sala de Ponce, de 27 de noviembre de 1961 y se anulará y dejará sin efecto la Resolución del mismo Tribunal de 8 de mayo de 1962; se declarará con lugar la demanda enmendada; y se ordenará a los demandados a que restituyan a la demandante el pedazo de terreno objeto de este recurso y que se abstengan de intervenir con el derecho de posesión que tiene la demandante sobre*

*dicho predio de terreno. Se condenará a los demandados al pago de $500.00 de honorarios de abogado, más las costas.*