CONCEPCIÓN POLO TAFORÓ, demandante y apelada, *v.* AVITO CHAPERO y LORENZO ESTEVES, demandados y apelantes.

Núm. 7817.—*Sometido:* Mayo 3, 1939. *Resuelto:* Mayo 9, 1939.

*Antonio L. López,* abogado de los apelantes; *Concepción Polo Taforó,* por su propio derecho.

El Juez Asociado Señor Travieso emitió la opinión del tribunal.

Por escritura pública de 21 de julio de 1937, la demandante, dueña de una finca de 72 cuerdas, segregó de la misma un predio de "treinta cuerdas sembrables, más o menos," y lo dió en arrendamiento al demandado Avito Chapero, por un término de dos años y por un canon de $1.50 mensual por cuerda, pagadero por trimestres anticipados, o sea $135 cada trimestre. Las partes contratantes estipularon entre otras cosas lo que sigue:

"*Séptimo.*—Si al hacer la mensura de dicho predio resultare que el arrendatario estuviere en posesión de más de treinta cuerdas sembrables, tendrá que satisfacer el exceso de cuerdas a razón de un dólar cincuenta centavos; así como si estuviera en menos terreno deducirá del canon sucesivo el importe de las cuerdas de menos; retrotrayendo los efectos de dicha mensura al primero de agosto de mil novecientos treinta y siete."

En su primera causa de acción alega la demandante que dentro del año precedente a la interposición de la demanda ella se encontraba en la posesión material de una parcela de seis cuerdas, que forma parte de la finca de 72 cuerdas de su propiedad y colinda con los terrenos dados por ella en arrendamiento al demandado Chapero; que ha sido totalmente despojada de dicha posesión por el demandado Chapero, por el mayordomo de éste, el otro demandado Esteves, y por los empleados de ambos; que los demandados han tomado posesión de dicha parcela en contra de la voluntad de la demandante y la han cercado, arado y sembrado como

si fuera parte integrante de la finca que les fué dada en arrendamiento, no obstante haberse convenido que dicha parcela de seis cuerdas, al igual que todos los terrenos situados a una distancia no menor de 100 metros de la casa de la demandante, quedaba excluída del arrendamiento; y que los demandados han prohibido a la demandante y a sus empleados la entrada a dicha parcela.

En la segunda causa de acción se alega que la demandante ha estado y está aún en posesión material de otra parcela de 35.02 cuerdas, la que forma también parte de la finca principal de 72 cuerdas y colinda con la de 30 arrendada a los demandados; que desde agosto de 1937 los demandados han penetrado frecuentemente en dicha parcela de 35.02 cuerdas y han realizado allí actos perturbadores de la posesión de la demandante, tales como haber puesto una cerca que le impide el paso hacia el río, que es el abrevadero natural y lógico del ganado de la demandante y que ésta ha utilizado desde tiempo inmemorial; haber penetrado en la finca de la demandante para transportar los frutos de la finca arrendada a los demandados; y haber insultado y agredido con piedras y con las manos a la demandante, etc.

Pidió la demandante ser restablecida en la posesión de la parcela de 6 cuerdas; que se ordene a los demandados se abstengan de perturbarla en su posesión de la otra parcela, bajo pena de desacato; y que se condene a los demandados al pago de las costas.

En su contestación negaron los demandados los hechos esenciales de la demanda y como defensa alegaron que el demandado Chapero posee la parcela de seis cuerdas a título de arrendatario; que dicha parcela forma parte de la de 30 cuerdas, segregada de la finca de 72 cuerdas y arrendada a dicho demandado por la demandante; y que los demandados no están obligados a contestar las alegaciones de los párrafos "d" a "m" de la demanda, referentes a la perturbación de la posesión de la demandante y a las agresiones de que dice ella haber sido víctima.

Por el presente recurso los demandados y apelantes solicitan la revocación de la sentencia dictada por la Corte de Distrito de Humacao a favor de la demandante, señalando como errores imputables a la corte sentenciadora: (1) haber estimado que los hechos alegados en la demanda son suficientes para determinar una causa de acción; (2) haber resuelto que la demandante probó satisfactoriamente las alegaciones de la demanda; y (3) haber condenado "al demandado," sin especificar cuál de los dos, al pago de costas y honorarios.

■ El primer señalamiento es claramente frívolo y como tal debe ser desestimado. La demanda, en cada una de sus dos causas de acción, se ajusta estrictamente a lo dispuesto en los artículos 690 a 697 del Código de Enjuiciamiento Civil. No erró la corte *a quo* al sostener la suficiencia de sus alegaciones.

■ El segundo señalamiento, por referirse a la suficiencia de la prueba de la demandante, nos obliga a hacer un breve resumen de la evidencia.

Declaró la demandante que ella es dueña de una finca de 72 cuerdas, dividida en cuatro parcelas de 6, 10.98, 20 y 35.02 cuerdas, respectivamente; que el demandado Chapero posee desde agosto de 1937 las parcelas de 10.98 y 20 cuerdas, a virtud de arrendamiento que le hizo la demandante; que al tiempo de tomar posesión de las dos parcelas arrendadas, el demandado Chapero tomó también posesión de la parcela de 6 cuerdas sin el consentimiento y en contra de la voluntad de la demandante, prohibiendo a ésta y a sus peones el paso por dicha parcela; que antes de hacer el arrendamiento ella le dijo al demandado "que yo no se las arrendaba esas seis cuerdas, que estaban muy cerca de mi casa y yo no quería arrendárselas sino la parte baja que estuviera independiente de lo mío"; que la cerca que el demandado ha puesto a la parcela de seis cuerdas llega como a seis metros de la casa de la demandante; y terminó su declaración rela-

tando las palabras injuriosas pronunciadas y las agresiones personales cometidas contra ella por el demandado Chapero.

La declaración de la demandante fué corroborada por las de los testigos Hernán Polo, Eladio Noble y Domingo G. Llamas. Este último, miembro de la Policía Insular, declaró que la demandante había ido varias veces al cuartel de la policía a quejarse de los abusos de Chapero y sus empleados; que él fué a hacer una investigación cuando ella se quejó de que los demandados le habían apedreado su casa y vió los impactos de las piedras en las paredes, cristales y una lámpara rotos y piedras por el suelo dentro de la casa.

El demandado Chapero ofreció como prueba su propia declaración negando lo declarado por la demandante y sus testigos y alegando que él estaba en posesión a virtud del contrato de arrendamiento.

La corte inferior practicó una inspección ocular de las distintas parcelas que integran la finca de la demandante y llegó a la conclusión de que la parcela de 6 cuerdas en controversia es una parcela distinta y separada de las parcelas arrendadas al demandado.

Los conflictos que surgen de la evidencia fueron resueltos a favor de la demandante. Y siendo la prueba ofrecida por ésta suficiente para sostener la sentencia recurrida y no imputándose a la corte sentenciadora pasión, prejuicio, parcialidad o error manifiesto en la apreciación de la evidencia, es nuestro deber respetar y sostener dicha sentencia.

El tercer señalamiento carece de importancia. La prueba practicada demuestra que el demandado Lorenzo Esteves era un simple empleado que actuaba bajo las órdenes del otro demandado, Chapero. Fué a Avito Chapero a quien la corte inferior ordenó que se abstuviera de continuar realizando actos de posesión en la parcela de seis cuerdas y de penetrar en forma alguna en la parcela de 35 cuerdas. Y es a él también a quien la corte sentenciadora debió condenar y condenó a pagar costas y honorarios.

*Debe confirmarse la sentencia recurrida.*