Versión para imprimir



EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Luis Miranda Cruz, Carlos Ramírez Sánchez, Ramón Acevedo Saltares<br><br>        Peticionarios<br><br><br>        v.<br><br><br>Dennis L. Ritch, Carol Ritch y la Sociedad Legal de Gananciales compuesta por ambos<br>        Recurridos | Certiorari<br><br>2009 TSPR 144<br><br>176 DPR ____ |

Número del Caso: CC-2007-709

Fecha: 18 de septiembre de 2009

Tribunal de Apelaciones:

        Región Judicial de Aguadilla

Juez Ponente:
                Hon. Nydia M. Cotto Vives

Abogado de la Parte Peticionaria:

                Lcdo. Juan R. Mari Pesquera

Abogado de la Parte Recurrida:

                Lcda. Adalberto E. Moret Rivera

Materia: Entredicho Preliminar, Entredicho Permanen te, Daños y Perjuicios

Este documento constituye un documento oficial del   Tribunal Supremo que está sujeto a los cambios y correcciones del pr oceso de compilación y publicación oficial de las decisiones   del Tribunal. Su distribución electrónica se hace como un servicio p úblico a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Luis Miranda Cruz, Carlos Ramírez Sánchez, Ramón Acevedo Saltares | Certiorari |
| Peticionarios | |
| v. | CC-2007-709 |
| Dennis L. Ritch, Carol Ritch y la Sociedad Legal de Gananciales constituida por ambos | |
| Recurridos | |

Opinión del Tribunal emitida por la Jueza Asociada señora Pabón Charneco

San Juan, Puerto Rico, a 18 de septiembre de 2009.

Han sido varias las ocasiones en que este Tribunal ha tenido ante su consideración controversias relacionadas a la protección interdictal de la posesión. Es esencialmente, a través de la confrontación de tales controversias, que este Foro ha delineado paulatinamente los contornos que caracterizan el recurso del interdicto posesorio trazando el marco de aplicación, alcance y limitación de esa acción. Precisamente, el caso de autos nos brinda la oportunidad de volver a repasar dicha figura detenidamente. Nos corresponde determinar, en primer lugar, si la acción promovida por la parte

peticionaria es o no una de interdicto posesorio y en segundo lugar, si la sentencia emitida por el magistrado de instancia, confirmada por el foro apelativo, fue correcta y se ajustó a la naturaleza de la acción ejercitada. A continuación, exponemos los hechos que suscitaron la controversia traída ante nos.

I.

El caso de autos tuvo su albor el 2 de marzo de 2006 como consecuencia de una Demanda de *injunction* presentada por Luis Miranda Cruz, Carlos Ramírez Sánchez y Ramón Acevedo Saltares (en adelante peticionarios), en contra de Dennis L. Ritch, su esposa Carol Ritch y la Sociedad de Bienes Gananciales compuesta por ambos (en adelante recurridos). En dicho petitorio, los peticionarios alegaron que los recurridos, de forma ilegal y temeraria, habían colocado muros de concreto sobre una franja de terreno, la cual alegaban tenían derecho a utilizar, sin permisos de las agencias concernientes, a saber, el Departamento de Recursos Naturales y Ambientales y la Administración de Reglamentos y Permisos. Alegaron que tanto ellos como sus ascendientes y antepasados, utilizaban un camino ubicado en dicha franja de terreno para tener acceso a distintos pozos playeros, playas y arrecifes para su disfrute y para la pesca. Plantearon, a su vez, que dicho camino se encontraba en el litoral

costero y sobre la Zona Marítimo Terrestre.[1] Adujeron, también, que los recurridos obstaculizaron el paso con el propósito de privatizar los terrenos en cuestión para el uso exclusivo de los propietarios de unos solares que estos poseen frente al mar. En apoyo de dichas alegaciones, los peticionarios arguyeron que la mencionada franja de terreno constituía una servidumbre de paso desde tiempo inmemorial.

Por su parte, los recurridos presentaron el 31 de marzo de 2006 una Moción Urgente Sobre Emisión de Orden. En dicho escrito, alegaron, *inter alia*, que eran titulares del inmueble por donde pretendían discurrir los peticionarios; que la propiedad se encontraba inscrita en el Registro de la Propiedad, libre de gravámenes en cuanto a servidumbre de paso; que habían solicitado a los peticionarios desalojar la propiedad, pero que éstos no habían cedido a tal reclamo; que durante un periodo de aproximadamente un año, la actitud de los peticionarios había sido reiterada por lo que se habían visto en la necesidad de acudir a las autoridades policíacas; y finalmente, solicitaron que se ordenara a los peticionarios cesar de penetrar el inmueble propiedad de los recurridos y de interferir, amenazar, intimidar o de cualquier forma comunicarse con estos hasta la resolución final de la controversia.

---

[1] Los peticionarios señalaron que el camino en cuestión transcurre desde el sector donde ubica la antigua planta nuclear, cerca del Faro en Rincón, bordeando desde allí la costa sobre la antigua vía del tren hasta la Carretera #413 interior, en el Barrio Puntas de Rincón.

Trabada la controversia entre las partes, y luego de varios incidentes procesales, la vista evidenciaria quedó pautada para el 6 de abril de 2006. En dicha vista, las partes junto con el juez acordaron unir (no consolidar)[2] el presente caso con el Caso Núm. ABCI2003-00503 --en el que figuraban como parte demandante los mismos peticionarios del caso de autos y como parte demandada Puerta Dorada, Inc.-- con el propósito de tomar conocimiento judicial de lo acontecido en dicho caso debido a que la controversia en ambos casos era similar.[3]

Previo a comenzar con el desfile de prueba, el representante legal de los peticionarios indicó que el procedimiento se debía entender como un interdicto posesorio. Ante tal argumento, la parte recurrida alegó que el escrito presentado por los primeros no contaba con las alegaciones indispensables para establecer la posesión del inmueble dentro del año inmediatamente anterior a la

---

[2] Cabe destacar que el representante legal de los peticionarios, luego de que el tribunal accediera a unir el caso de autos con el ABCI2003-00503, expresó que estaría desistiendo en cuanto a la moción de desacato que había presentado con relación a este último. Surge de los autos que dicha moción fue presentada para hacer cumplir la sentencia que emitió el Tribunal de Primera Instancia en el caso ABCI2003-00503, la cual ya era final y firme. Es decir, la razón evidente de la no consolidación del caso de autos con el de ABCI2003-00503, es que en este último ya había una Sentencia final y firme y lo que los peticionarios habían promovido era una moción de desacato para que se cumpliera con el dictamen emitido por el Tribunal de Primera Instancia en dicho caso.

[3] La controversia en el caso ABCI2003-00503, al igual que en el caso de autos, era si los peticionarios tenían derecho a pasar por la misma franja de terreno que está en controversia en el caso de autos. Allí, el Tribunal de Primera Instancia resolvió que los demandantes tenían derecho al paso, dictamen que fue confirmado por el Tribunal de Apelaciones al señalar que del propio expediente del caso se desprendía que la acción promovida por los demandantes era una de interdicto posesorio, donde solamente se dilucida el hecho de la posesión y no la titularidad sobre el camino.

demanda. Sin embargo, el magistrado decidió celebrar la vista como una de interdicto posesorio.[4]

En la referida vista testificaron por la parte peticionaria Luis Miranda Cruz y por la parte recurrida el señor Dennis Ritch y su esposa. En lo pertinente, Miranda Cruz declaró, *inter alia*, que durante toda su vida había utilizado el camino en controversia y que pasaba por allí dos o tres veces a la semana, antes de que el camino fuera cerrado por la parte recurrida.[5] Atestó que la razón del asiduo uso que le daba al camino se debía a motivos recreativos (ir de pesca, ir a la playa). Además, declaró que dicho camino era utilizado por todo el mundo sin ningún tipo de limitación, hasta que la parte recurrida lo obstaculizó en diciembre de 2005, al construir siete barras grandes de cemento en el camino. Desfilada toda la prueba documental y testifical, el foro de instancia efectuó una inspección ocular del lugar objeto del pleito. El Tribunal de Primera Instancia declaró no ha lugar la Demanda instada por entender que los recurridos ejercen **posesión, dominio y título** sobre la faja de terreno que alegan los peticionarios tener derecho a usar. Para llegar

---

[4] Surge de la transcripción de la vista evidenciaria, que el juez de instancia acogió el planteamiento de los peticionarios de celebrar la vista como una de interdicto posesorio y la celebró partiendo del hecho de que la titularidad del camino no estaba en controversia. (Págs. 29, 85 de la transcripción de la vista; Véase, además, las Conclusiones de Derecho del magistrado de instancia).

[5] Surge de la propia Moción Urgente Sobre Emisión de Orden que presentó la parte recurrida que ésta aceptó palmariamente que la actitud de los peticionarios durante **un periodo aproximadamente de un año, había sido reiterada con relación a la utilización del camino** y que por tal habían solicitado protección policíaca.

a dicha conclusión, el foro de instancia determinó que conforme lo preceptuado por el Artículo 374 del Código Civil, 31 L.P.R.A. sec. 1448, y la normativa que rige la acción de interdicto posesorio, eran los recurridos los que nunca habían perdido la posesión real de su propiedad. Expresó dicho foro, que era obvio que el titular de un inmueble es preferido cuando se entienda que más de uno poseyere un inmueble y la fecha de la posesión fuere la misma; que no es comparable la posesión incidental y esporádica de personas que en ocasiones utilicen una propiedad sin permiso o como transgresores, en comparación con poseedores de hecho y titulares que ocupen físicamente y defienden sus derechos de propiedad. Por tales razones, el Tribunal de Primera Instancia determinó que los recurridos eran los titulares poseedores del inmueble reclamado como camino por los peticionarios. Concluyó que su posesión había sido continua, por lo que habían poseído el inmueble dentro del año anterior a la presentación de la acción.

El Tribunal de Primera Instancia también resolvió en los méritos que la faja de terreno en cuestión no se había constituido como una servidumbre de paso desde tiempo inmemorial. Por último, sostuvo que la faja de terreno tampoco se encontraba ubicada en una Zona Marítimo Terrestre.[6] Inconforme con dicho dictamen, la parte

---

[6] Según se desprende de la propia Sentencia emitida por el Tribunal de Primera Instancia, éste no se limitó a resolver la cuestión del hecho de la posesión a base de la acción de interdicto posesorio, sino que

peticionaria acudió en alzada al Tribunal de Apelaciones, el cual confirmó en todos sus extremos la Sentencia emitida por el Tribunal de Primera Instancia.

No conteste con dicho dictamen, los peticionarios acuden ante nos mediante recurso de *certiorari* y sostienen que el Tribunal de Apelaciones cometió los siguientes errores:

1. **Erró el Honorable Tribunal de Apelaciones al confirmar la Sentencia del Tribunal de Primera Instancia sin tomar en consideración lo resuelto en el caso Luis Miranda Cruz v. Puerta Dorada, Inc.**

2. **Erró el Honorable Tribunal de Apelaciones al determinar que la parte demandada ejerce posesión, dominio y título sobre la faja de terreno objeto del presente pleito.**

3. **Erró el Honorable Tribunal de Apelaciones al determinar que la parte demandada ejerce dominio y título sobre la faja de terreno objeto del presente pleito, tratándose el caso de un interdicto posesorio.**

4. **Erró el Honorable Tribunal de Apelaciones al determinar que la parte demandante no ejerce la posesión de la servidumbre de paso objeto del presente pleito.**

5. **Erró el Honorable Tribunal de Circuito de Apelaciones al no considerar la Certificación del Departamento de Transportación y Obras Públicas, donde se confirma la inscripción de dicho camino en el año 1907 como camino municipal.**

Vista la petición de *certiorari*, acordamos expedir. Con el beneficio de la comparecencia de ambas partes, procedemos a resolver sin ulterior trámite.

---

también adjudicó la propiedad y titularidad del camino a la parte recurrida.

**II.**

**A.**

La fuente de la tutela interdictal se encuentra subsumida en el Artículo 375 del Código Civil de Puerto Rico, 31 L.P.R.A. sec. 1461, que reza: "Todo poseedor tiene derecho a ser respetado en su posesión; si fuere inquietado en ella, deberá ser amparado o restituido en dicha posesión **por los medios que las leyes de procedimientos establecen.**" (Énfasis suplido). Este precepto autoriza la intervención del aparato judicial para tutelar la posesión **como hecho** de todo poseedor. J.R. Vélez Torres, *Curso de Derecho Civil*: *Los Bienes, Los Derechos Reales*, 5ta ed., Madrid, Offirgraff, 2005, Tomo II, pág. 132. No es determinante si la posesión está o no justificada, sino más bien que haya una existencia de posesión de hecho que, en determinado momento, esté expuesta a perderse, o ya se haya perdido. *Íd.*

Por eso, nuestras leyes de procedimientos proveen los medios para amparar o restituir al poseedor inquietado en su posesión. Por tal, cuando el Artículo 375 del Código Civil, *supra*, habla de "los medios que las leyes de procedimientos establecen", se refiere a los *injunctions* (interdictos) que autorizan los Artículos 690-695 del Código de Enjuiciamiento Civil, 32 L.P.R.A. sec. 3561-

3566,[7] los cuales permiten el uso del *injunction* para retener o recobrar la posesión de propiedad inmueble.

Los presupuestos necesarios que deben confluir para lograr la protección interdictal están recogidos en el Artículo 692 del Código de Enjuiciamiento Civil, 32 L.P.R.A. 3562. Dicho artículo dispone, en síntesis, que para poder deducir con éxito la acción posesoria, es necesario aseverar y establecer el hecho de que el demandante, dentro del año precedente a la fecha de presentación de la demanda, estaba en posesión del bien objeto del pleito si se trata de recobrarlo, o estaba y está, si se trata de retenerlo. *Íd.* Véase, J. R. Vélez Torres, *op. cit.*, pág. 133. Además, deberá hacer constar que ha sido perturbado o despojado de dicha posesión o tenencia, describiendo los hechos constitutivos de la

---

[7] Estos artículos fueron dejados en vigor por la Regla 72 de Procedimiento Civil, 32 L.P.R.A. Ap. III. Tales preceptos son similares a los Artículos 1651 y siguientes de la derogada Ley de Enjuiciamiento Civil Española, que contemplaba los interdictos de recobrar y retener la posesión. Véase, en general, J. M. Castro Fernández, *La Protección Interdictal: Amplitud*, Madrid, Editorial Colex, 1986.

Cabe resaltar que, pese a que en España la Ley de Enjuiciamiento Civil de 1881 fue derogada por la Ley 1/2000, de 7 de enero, de Enjuiciamiento Civil, desapareciendo los procedimientos interdictales en cuanto a su denominación y su regulación procesal, la protección posesoria tutelada por dichos interdictos se mantiene vigente por los trámites nuevos del nuevo juicio verbal. Véase, J. Santos Briz, I. Sierra Gil de la Cuesta, P. González Poveda, J. M. Martínez Pereda, J. M. Paz Rubio, *Tratado de Derecho Civil*, 1ra ed. España, Bosch, 2003, Tomo 2, pág. 66. De esta forma, se reconducen al nuevo juicio verbal las demandas que buscan la protección sumaria de la tenencia o de la posesión de una cosa o de un derecho por quien haya sido despojado de ellas o perturbado en su disfrute, que no son otra cosa que las demandas que pretenden retener o recobrar la posesión si se interponen transcurrido el plazo de una año a contar desde el acto de perturbación o el despojo (Art. 250.1.4 de la Ley de Enjuiciamiento Civil de 2000). *Íd.* Como es de notarse, el interdicto posesorio se mantiene vigoroso en España, país que, como es sabido, nos legó dicha figura jurídica.

perturbación o despojo, así como si dichos actos fueron realizados por el demandado o por otra persona por orden de éste. *Íd.*[8]

Con relación a la demanda de *injunction* en general, este Foro ha expresado que una demanda de *injunction* posesorio que contenga las alegaciones pertinentes a recursos de esa naturaleza aduce hechos constitutivos de la causa de acción. *Rivera v. Cancel*, 68 D.P.R. 365, 368 (1948); *Polo v. Chapero*, 54 D.P.R. 717, 720 (1939). Asimismo, se ha sostenido que una demanda que alegue la posesión por el demandante sobre determinado inmueble, actos de perturbación y de despojo por los demandados, y que éstos ocupan parte de la finca detentando así dicha posesión, es suficiente. *Buxeda, Jr. v. Escalera*, 47 D.P.R. 647, 650 (1934); *Pueblo v. Galarza*, 41 D.P.R. 606, 613 (1930); *Oliver Cuveljé v. González*, 37 D.P.R. 936, 940 (1928).

En cuanto a la descripción de los bienes inmuebles, hemos expresado que el *injunction* posesorio debe describir la finca de modo tal que se sepa dónde está y pueda ser identificada al ejecutarse la sentencia que se dicte, ya

---

[8] De lo anterior se desprende que los requisitos generales del interdicto para recobrar o retener la propiedad son: 1) Que se halle el reclamante o su causante en la posesión o en la mera tenencia de la cosa; 2) Que haya sido inquietado o perturbado en ella, o tenga motivos fundados para creer que lo será, o que haya sido despojado de dicha posesión o tenencia, debiendo expresar en la demanda con claridad y precisión los actos exteriores en que consista la perturbación, el conato de perpetrarla o el despojo, y hay que manifestar si los ejecutó la persona contra quien se dirige la acción; 3) Que se presente la demanda antes de haber transcurrido una año, a contar desde el acto que la ocasiona. J. Santos Briz, *Derecho* Civil, *Teoría y Práctica-Derecho de Cosas*, Madrid, Editorial Revista de Derecho Privado, 1973, Tomo II, nota al calce, pág. 79.

que de lo contrario, no aduciría causa de acción ni podría servir de base a una sentencia válida. *Rivera v. De Arce*, 54 D.P.R. 777, 779 (1939); *Rodríguez v. Colón, 44 D.P.R. 458, 459* (1933). Además, dicha alegación es necesaria para que el demandado sepa de qué tiene que defenderse. *Rivera v. De Arce*, *supra*. Sobre este requerimiento, en un caso cuya controversia estaba relacionada a un camino --igual que el caso de autos--, este Tribunal resolvió que una demanda de *injunction* posesorio, que se inste para recobrar la posesión de un camino que alegue el largo y ancho aproximadamente de éste y la finca donde comienza, aquélla por donde pasa y finalmente atraviesa, contiene una descripción suficiente del camino en cuestión. *Jiménez v. Fletcher*, 67 D.P.R. 165, 167 (1947).

En lo que respecta al factor tiempo, en los casos de *Martorell v. El Municipio de Dorado*, 70 D.P.R. 380, 383 (1949); *Maldonado v. Colón*, 68 D.P.R. 340, 342-343 (1*948); Jiménez v. Fletcher, supra*, pág. 170 y; *Pérez* v. *Pérez*, 38 D.P.R. 753, 754 (1928), siempre hemos resuelto que la cuestión a resolver es si el demandante estaba en posesión en determinada fecha dentro del año con anterioridad a la presentación de la demanda y si se le privó de tal posesión. Sin embargo, hemos expresado que una demanda de interdicto posesorio que alegue que la parte demandante y sus predecesores estuvieron desde tiempo inmemorial y dentro del año precedente a la presentación de la misma en posesión de un camino que

describe y que dentro de ese año, los demandados lo han obstaculizado en el uso y disfrute del éste, aduce causa de acción suficiente. *Rodríguez v. Suárez*, 71 D.P.R. 728, 730-731 (1950); *Iglesia Católica v. Puig*, 52 D.P.R. 773, págs. 774-775 (1939). Nótese que lo importante en estos casos es que aunque el camino era poseído, alegadamente desde tiempo inmemorial (por bastante tiempo con anterioridad a la presentación de la demanda), éstos estaban en posesión del inmueble dentro del año anterior a la presentación de la demanda. Véase, *Ávila v. Náter*, 60 D.P.R. 639, 641-642 (1942).

Plasmada la preterida normativa jurídica, procedemos a resolver si la acción ejercitada por los peticionarios se enmarcó y desarrolló bajo el rubro del interdicto posesorio.

En el caso de autos, surge de las alegaciones de la Demanda presentada por la parte peticionaria, que tanto éstos como sus antepasados habían utilizado el camino desde tiempo inmemorial para acceder a unas playas, pozos, entre otros; que dicho camino se encontraba sobre el litoral costero y sobre la Zona Marítimo Terrestre; transcurría desde el sector donde ubicaba la antigua planta nuclear, cerca del Faro en Rincón, y desde allí bordeando la costa sobre la antigua vía del tren hasta la Carretera #413, interior, en el Barrio Puntas de Rincón. Además, se desprende de la Demanda que la parte peticionaria adujo que los recurridos, de forma ilegal y

temeraria, colocaron muros de concreto armado sobre el camino e impidieron el acceso del público a esas playas.

A la luz de lo anterior, es ostensible que, de su faz, de la Demanda de *injunction* presentada por la parte peticionaria surgían alegaciones suficientes para que el juez sentenciador, según decidió proceder, celebrara la vista como una de interdicto posesorio, a pesar de la objeción de la parte recurrida. La Demanda tiene una descripción suficiente del camino ya que lo identifica y ubica con expresión del lugar por donde pasa y se encuentra. Se alega que desde tiempo inmemorial el camino era utilizado por los peticionarios y sus antecesores como prueba de que en el año anterior a la presentación de la demanda estaban en posesión del camino. Finalmente, también aduce que los recurridos bloquearon dicho camino utilizando muros de concreto armado, obstaculizando e impidiendo el uso éste por la parte peticionaria. En fin, de la Demanda surgen las alegaciones mínimas que todo recurso de interdicto posesorio debe tener para aducir una causa de acción que pueda servir de base a una sentencia válida.

Asimismo, en la vista evidenciaria celebrada por el Tribunal de Primera Instancia, la prueba oral presentada por la parte peticionaria estableció con su testimonio la concurrencia de los requisitos de la acción interdictal posesoria. De esta manera, el testigo presentado por la parte peticionaria, Luis Miranda, atestó, *inter alia*, que

el camino en controversia transcurre desde el Faro hasta la Carretera #413 en el Barrio Puntas de Rincón; que el camino está asfaltado; que además llega hasta el Barrio Hoya Grande del Municipio de Rincón; y que el camino tiene una extensión de dos kilómetros y medio. (Págs. 41, 42, 43, 44 de la transcripción de la vista). Además, testificó que utilizó el camino durante toda su vida, con excepción de un tiempo que estuvo fuera de Puerto Rico, pero que cuando regresó volvió a utilizarlo; que utilizó el camino hasta diciembre de 2005; que pasaba por dicho camino dos o tres veces a la semana para ir de pesca y con fines recreativos a la playa. (Págs. 48, 50, 70, 71 de la transcripción de la vista). También declaró que el camino había sido cerrado por la parte recurrida; que ésta colocó siete barreras grandes de cemento en medio del camino; y que el camino fue cerrado en diciembre de 2005. (Págs. 50, 52, 70 de la transcripción de la vista).

También surge de los autos que en las determinaciones de hecho el foro de instancia creyó y constató mediante inspección ocular que los recurridos ubicaron unos muros de concreto y verjas sobre la faja de terreno por donde discurre el camino. Además, de las Conclusiones de Derecho se desprende palmariamente que dicho foro discutió y aplicó la figura del interdicto posesorio a favor de la parte recurrida, adjudicándole a dicha parte la posesión de hecho sobre el camino objeto de este pleito.

De lo anterior, colegimos que las alegaciones de la Demanda, la relación del caso, la transcripción de la prueba oral desfilada, las Determinaciones de Hecho y Conclusiones de Derecho en que se funda la Sentencia recurrida, y los fundamentos del recurso que nos ocupa, evidencian que la acción promovida y litigada ante el tribunal *a quo* fue la acción interdictal y no una acción para que se adjudicasen los derechos dominicales de los litigantes sobre el camino ubicado en Rincón.

Por todo lo anterior, concluimos que la acción ejercitada y litigada por la parte peticionaria es una de interdicto posesorio.

**B.**

Después de haber superado el asunto de la naturaleza de la acción ejercitada y litigada, nos resta resolver si las sentencias emitidas por los foros *a quo*, se ajustan a la acción de interdicto posesorio, toda vez que con su fallo adjudicaron tanto la posesión como la titularidad del camino en controversia a favor de la parte recurrida.

Nuestro Código Civil, al igual que el Código Civil de España, no da un concepto unitario de posesión y se limita --en Puerto Rico partiendo del Art. 360 en adelante y en España del Art. 430 en adelante-- a fijar el concepto de diversas especies de posesión. Véase, J. Santos Briz y otros, *op. cit.*, Tomo 2, pág. 28. De ahí, que el Código Civil de Puerto Rico en su Artículo 360, 31 L.P.R.A. sec. 1421, no define lo que es posesión sino que establece dos

especies principales de posesión. Dicho artículo estatuye que posesión natural es la **tenencia** de una cosa o el disfrute de un derecho por una persona y que posesión civil es esa misma tenencia o disfrute, unidos a la intención de haber la cosa o derecho como suyos. Como explica el comentarista Francisco Bonet Ramón, **toda tenencia** –*corpus*– es una posesión natural, pero cuando le acompaña la intención –*animus*–, la posesión es civil. F. Bonet Ramón, Código Civil de España comentado, Madrid, Aguilar, 1962, pág. 386. Por su parte, el Profesor José Ramón Vélez Torres, comenta que la posesión natural a que se refiere el Código Civil en el Artículo 360, *supra*, debe ser entendida en el sentido de que implica señorío de hecho sobre el bien y que también existe un mínimo de intención. J. R. Vélez Torres, *op. cit.*, Tomo II, pág. 119. Véase, además, J. Santos Briz y otros, *op. cit.,* Tomo 2, pág. 31. No obstante, a diferencia de lo que pasa en la posesión civil, la intención en la posesión natural, no apunta hacia la eventual adquisición del dominio mediante la usucapión, sino que sólo revela una actitud de dominación de hecho con el fin de la custodia o del disfrute. Véase, J. R. Vélez Torres, *op. cit.*, Tomo II, pág. 119. Así pues, la posesión natural se distingue de la posesión civil, en que no goza del beneficio que pueda conducir a la usucapión, pero se asemeja en que sí tiene a su favor la tutela interdictal. Véase, *Íd.* págs. 119-120.

Es decir, la tutela interdictal está disponible tanto para la posesión civil como para la posesión natural.[9]

Precisamente, la tutela interdictal de la posesión en nuestro Ordenamiento, como ya mencionamos, se encuentra reglamentada en los Artículos 690-695 del Código de Enjuiciamiento Civil, *supra*. En lo que atañe a la controversia que ahora discutimos, el Artículo 690 del Código de Enjuiciamiento Civil estatuye que:

> "Se concederá un *injunction* para retener o recobrar la posesión material de propiedad inmueble, a instancia de parte interesada, siempre que esta demuestre, a satisfacción de la corte, que ha sido perturbada en la **posesión o tenencia** de dicha propiedad, por actos que manifiesten la intención de inquietarle o despojarle, o cuando haya sido ya despojada de dicha posesión o tenencia." 32 L.P.R.A. sec. 3561. (Énfasis suplido).

Al interpretar dicho precepto hemos reiterado que es el **hecho**[10] de la posesión de una propiedad inmueble, no el derecho a su posesión, lo que puede litigarse en acciones

---

[9] El Profesor Manresa, al comentar sobre los Artículos 1651 y 1652 de la derogada Ley de Enjuiciamiento Civil Española, que trataban sobre los interdictos posesorios, expresa:

> "...corresponde el interdicto de recobrar a todo el que se halla *en posesión o tenencia* de la cosa, lo mismo al legítimo poseedor, que al mero detentador. Y al declararlo así, no solo se ha seguido la opinión mas autorizada, sino también la más conveniente, pues siendo el despojo un atentado contra el orden público, debe reprimirse instantáneamente sin atender al título con que poseía el despojado, para evitar las perturbaciones consiguientes, e impedir que nadie se tome la justicia por su mano." Manresa, *op. cit.*, Tomo VI, pág. 419.

[10] La posesión como hecho, según definida por el Tribunal Supremo de España en la Sentencia del 2 de julio de 1928, es la **tenencia** de las cosas por la simple ocupación material, y carece de trascendencia jurídica y no puede inducir a considerar como dueño al poseedor, pues solamente la civil, o sea, la creencia de poseer la cosa como suya, puede llegar hasta engendrar el dominio. Sentencia del 2 de julio de 1928, Núm. 85/1928, Tomo 184, *Jurisprudencia Civil*, pág. 529. Véase, además, V. Prieto, *Ejercicio de las Acciones Civiles*, Pamplona, España, Editorial Aranzadi, 1983, pág. 205. Nótese, como ya señalamos, que el interdicto posesorio protege la mera posesión natural.

interdictales para retener o recobrar la posesión de inmuebles. *Disdier Pacheco v. García*, 101 D.P.R. 541, 547 (1973); *Segarra Boerman v. Vilariño*, 92 D.P.R. 314, 320; *Rodríguez v. Alcover*, 78 D.P.R. 822 (1955); *Janer v. Álvarez*, 75 D.P.R. 37, 40 (1953); *Rodríguez v. Suárez*, *supra*, pág. 734; *Martorell v. El Municipio de Dorado*, *supra*, pág. 386; *Mena v. Llerandi*, 70 D.P.R. 176, 179-180 (1949); *Rivera v. Cancel*, *supra*, pág. 369; *Ramos v. Puig*, 61 D.P.R. 83, 86 (1942). Por eso, la acción interdictal tiene por finalidad la protección del hecho de la posesión, sin perjuicio de los derechos de los interesados, los que pueden y deben ser dilucidados en una acción plenaria. *Janer v. Álvarez*, *supra*; *Rodríguez v. Suárez*, *supra*; *Martorell v. El Municipio de Dorado*, *supra*; *Pérez v. Marrero*, 47 D.P.R. 456, 462 (1934). De esta manera, hemos expresado, que la sentencia que se dicte en casos de *injunctions* para recobrar la posesión de propiedad inmueble, no tiene autoridad de cosa juzgada sobre el derecho dominical de las partes contendientes sobre la finca en cuestión. *Pueblo v. Fajardo Sugar Growers Association*, 45 D.P.R. 380, 382 (1933).[11] Véase Manresa, *Comentarios a la Ley de Enjuiciamiento Civil*,

---

[11] A igual conclusión ha llegado el Tribunal Supremo de España al expresarse sobre la acción interdictal para recobrar la posesión cuando señala:"...es un paradigma procesal que las Sentencias en los juicios interdictales, carecen de la eficacia de cosa juzgada..." Sentencia de 18 Octubre de 2002, Núm. 943/2002, Vol. V, *Repertorio de Jurisprudencia*, pág. 16445.

7ma. ed., Madrid, Instituto Editorial Reus, 1958, Tomo 7, pág. 433.

Por otro lado, el propósito fundamental del interdicto posesorio es dar rápida y eficaz protección a toda persona que, encontrándose en la posesión quieta y pacífica de un inmueble, sea perturbada o despojada de esa posesión por el acto ilegal de otro. *Ramos v. Puig*, *supra*. Véase, J. Santos Briz, *op. cit.*, Tomo II, pág. 82. Por tal razón, hemos sostenido que el régimen que pretende evitar la protección interdictal de la posesión es que las personas se tomen la justicia por su propia mano. Véase, *Segarra Boerman v. Vilariño*, *supra*, págs. 315, 322.[12]

Como corolario de lo preceptuado, este Tribunal ha sostenido que el interdicto posesorio puede ser ejercitado

_____

[12] Así, el Notario-Juez, Jaime Manuel de Castro Fernández comenta en su obra titulada, *La Protección Interdictal*, que: "La tutela de la posesión ha de ser relacionada, básicamente, con el principio general de respeto al orden constituido, en la necesidad de la quietud social, atacando el *status quo*; con la prohibición consiguiente de que un estado de hecho pueda ser destruido por acción directa, modificando el orden existente y realizando la justicia por mano propia en lugar de impetrar la protección jurisdiccional." J. M. de Castro Fernández, *op. cit.*, pág. 17. Igualmente se expresa Albaladejo sobre el particular cuando señala:

> "...podemos concluir diciendo que la protección de la posesión se apoya en que la Ley no debe permitir que una situación existente, aunque sea de hecho, como la posesoria, sea atacada, ni siquiera por el que persigue un fin justo en sí (como el de hacerse con una posesión que le corresponde), y menos por quien pretende despojar injustamente al poseedor. El Ordenamiento jurídico que rija cualquier comunidad que aspire a sobrevivir y que esté medianamente organizada, lo primero que ha de prohibir es que nadie se tome la justicia por su mano. La protección de la posesión es, pues, protección contra los ataques que ésta sufra, no mediante reclamación justificada ante los Tribunales de aquél que la pide para sí, sino mediante actos con los que éste pretende perturbarla o hacerse con ella por su propia mano." Albaladejo, *Derecho Civil*, (J. Manuel González Porras), 6ta. ed., Barcelona, Librería Bosch, Tomo III, Vol. 1ro, 1984, pág. 100. Véase, además, *Puig Peña, Tratado de Derecho Civil Español*, 1ra. ed., Madrid, Editorial Revista de Derecho Privado, Tomo III, Vol. 1ro, 1972, pág. 38.

por el poseedor, aun contra el propio dueño del inmueble, teniendo dicho poseedor derecho a ser reintegrado en la posesión de la que fuera privado por virtud de tales actos. *Navedo v. Amato*, 70 D.P.R. 673, 677 (1949).[13] Sobre el mismo asunto señala Jaime Manuel de Castro Fernández: "El deber general de abstención alcanza, incluso, al propietario, a quien también está vedado acudir a las vías de hecho; sino que habrá de utilizar los medios legales en demostración de su derecho, único cauce para lograr que ceda la posesión ajena." J. M. de Castro Fernández, *op. cit.,* pág. 19.

Por otro lado, en controversias similares a la del caso de autos (donde hay un camino en controversia), este Foro ha sostenido que el que esté en la posesión de un **camino** cuyo tránsito se obstruya, puede amparar su derecho valiéndose del interdicto posesorio. Véanse, en general, *Janer v. Álvarez, supra; Margarida v.* Casalduc, 65 D.P.R. 416, (1945); *Iglesia Católica v. Puig, supra; Echevarría v. Saurí*, 38 D.P.R. 737 (1928); *Fajardo Sugar v. Central Pasto Viejo, Inc., 41 D.P.R. 825.* (1931). Así, hemos

---

[13]   Véase, ilustrativamente, la Sentencia del Tribunal Supremo de España de 30 de Septiembre de 2005 en la que haciendo referencia a la acción de interdicto para recobrar y retener la posesión señala: "...la protección interdictal responde a la necesidad de mantener el *statu quo* y, al fin, la paz social ante actos de propia autoridad, impidiendo que una situación existente, de hecho o aparente, sea atacada **ni siquiera por quien puede oponer un derecho contrario**; y que, en consecuencia, el objeto del interdicto no es otro que la posesión (*ius possessionis*), como poder de hecho, con independencia de que el poseedor tenga derecho o no a seguir siéndolo (*ius possidendi*)." Sentencia de 30 Sep. 2005, Núm. 662/2005, Vol. VI., *Repertorio de Jurisprudencia*, pág. 19005.

apuntado que una persona que, estando en el uso de un camino conjuntamente con otras sea privada de su propio uso del camino puede recurrir al interdicto posesorio para proteger el hecho y la materialidad de la posesión en que estaba, aunque no fuera exclusiva del camino. *Janer v. Álvarez*, *supra*, pág. 40. Véase, además, en general, *Fajardo Sugar v. Central Pasto Viejo, Inc.*, *supra.* De hecho, en *Mario Mercado e Hijos v. Chardón*, 57 D.P.R. 450, 453 (1940), citando varios casos, expresamos *ad verbatim*: "Se insiste en que la privación del uso de un camino no puede servir de base para el interdicto, pero esa es una cuestión resuelta repetidamente por esta corte en sentido contrario a la contención del apelante". En *Fernández v. González*, 41 D.P.R. 726, 729 (1931), este Tribunal, siguiendo lo resuelto por el Tribunal Supremo de España, expresó que debido a que la posesión natural es la mera tenencia de una cosa o el disfrute de un derecho, la posesión o tenencia, no el derecho o titularidad, del uso de una servidumbre como la de paso, puede ser objeto del procedimiento de *injunction* para recobrar la posesión.

De lo anterior surge con meridiana claridad que este Foro ha extendido positivamente la protección del interdicto posesorio a supuestos de posibles servidumbres discontinuas como lo es la servidumbre de paso. En ese sentido, el Juez-Notario Jaime Manuel De Castro Fernández expresa con acierto que: "Una cosa es la adquisición de la servidumbre y otra muy distinta la protección posesoria,

de suerte que se puede excluir la primera y otorgar la segunda". J. M. De Castro Fernández, *op. cit.*, pág. 252. Al así interpretar la figura del interdicto posesorio, este Tribunal se aparta de una visión contraria,[14] que establece que no es posible la protección interdictal de una servidumbre discontinua porque ésta no puede adquirirse por prescripción.[15] Por lo tanto, según el derrotero que ha seguido este Tribunal, no es determinante la posibilidad de usucapión, sino la posesión; que no ha de entenderse como un derecho evolutivo hacia la prescripción adquisitiva y sí con independencia de cualquier titularidad, como ejercicio o goce aparentemente jurídico. Véanse, *Íd*, pág. 253; J. L. De los Mozos, *Tutela Interdictal de la Posesión*, Madrid, Editorial Revista de Derecho Privado, 1962, pág. 233.

Finalmente, en lo concerniente al *quantum* de prueba que debe exigirse en la vista evidenciaria para prevalecer en una acción de interdicto posesorio, hemos determinado que además de las determinaciones de hechos, la prueba admitida por la sala sentenciadora debe demostrar que,

---

[14] Existe una tesis negativa que entiende que la defensa posesoria hay que relacionarla con la posibilidad de adquirir la servidumbre por lo que la tutela de la posesión es antecedente o preparación para lograr la adquisición del derecho; y como la servidumbre de paso, al ser discontinua, no puede adquirirse por medio la usucapión, no debe permitirse un estado posesorio que no pueda conducir a la usucapión. Véase, J. M. De Castro, *op. cit.*, pág. 251. Véase, además, J. L. De los Mozos, *op. cit.*, pág. 232.

[15] Véase el Artículo 475 del Código Civil de Puerto Rico, 32 L.P.R.A. sec. 1461, que dispone que las servidumbres discontinuas solamente se pueden adquirir en virtud de título. Véanse, además, *Díaz v. Con. Tit. Cond. El Monte N. Garden*, 132 D.P.R. 452, 461, nota al calce 6 (1993); *Martín v. Correa*, 76 D.P.R. 12, 14 (1954).

cuando menos, *prima facie*, se presenta por el demandante un caso de perturbación de su posesión del inmueble, ocurrida dentro del año precedente a la presentación de la demanda. *Disdier Pacheco v. García, supra*, págs. 550-551.

Esbozado el marco jurídico que regenta la controversia correspondiente, procedemos a resolverla.

Al confrontar los autos con la normativa reseñada, no albergamos duda de que el foro de instancia incidió al adjudicar a la parte recurrida la posesión y titularidad del camino. Como hemos resumido, en las acciones de interdicto posesorio solamente se discute el hecho de la posesión y no el derecho o titularidad sobre el inmueble. Por eso, la discreción del juez sentenciador en estos casos está pautada por el propio recurso de interdicto posesorio, debiendo limitarse a resolver única y exclusivamente el hecho de la posesión. Sin embargo, el foro de instancia, a pesar de haber decidido celebrar la vista como una de interdicto posesorio --haciendo manifiesto que la titularidad del camino no estaba en controversia-- (Págs. 28-29, 85, de la transcripción de la vista), antagónicamente, adjudicó la titularidad del camino a la parte recurrida.

En síntesis, el Juez de instancia concluyó que los recurridos son los poseedores de hecho y titulares de la faja de terreno que contiene el camino en cuestión. Resolvió además que estos nunca habían perdido la posesión física y material del camino y que era obvio que el

titular de un inmueble es preferido cuando se entienda que más de uno poseyere un inmueble y la fecha de posesión fuere la misma. Añadió que no es comparable la posesión incidental y esporádica de personas que en ocasiones utilizan el camino en comparación con poseedores de hecho y titulares que ocupen físicamente su propiedad. Finalmente, decidió que los recurridos eran los titulares poseedores del inmueble reclamado como camino o acceso por los peticionarios y que su posesión había sido continua, por lo que los primeros habían poseído el inmueble dentro del año anterior a la presentación de la acción.

Como es de notarse, el Tribunal de Primera Instancia, no solamente cometió el error de adjudicar la titularidad del camino sino que también adjudicó la posesión de hecho a la parte recurrida, sin tomar en consideración que esta última no cumplió con los requisitos que exige la acción de interdicto posesorio, según el Artículo 691 del Código de Enjuiciamiento Civil, *supra*. En otras palabras, los tribunales inferiores entendieron que la parte recurrida tenía derecho al remedio del interdicto posesorio a pesar de que ésta ni siquiera alegó tal pretensión.

La evidente confusión de los tribunales apelados se debió al aplicar de forma concomitante la figura del interdicto posesorio y el Artículo 374 del Código Civil de Puerto Rico, 31 L.P.R.A. sec. 1448. El mencionado artículo dispone que:

> La posesión como hecho, no puede reconocerse en dos personalidades distintas, fuera de los casos

de indivisión. Si surgiere contienda sobre el hecho de la posesión, será preferido el poseedor actual; si resultaren dos poseedores, el más antiguo; si las fechas de las posesiones fueren las mismas, el que presente título; si todas estas condiciones fuesen iguales, se constituirá en depósito o guarda judicial la cosa, mientras se decida sobre su posesión o propiedad por los trámites correspondientes. Artículo 374 del Código Civil, *supra.*

Sin embargo, ya este Tribunal, en un caso similar al de autos, resolvió que el Artículo 374 del Código Civil, *supra*, y la acción de interdicto posesorio, aplican en contextos disímiles. En el caso de *Janer v. Álvarez*, *supra*, págs. 42-43 expresamos que:

> el ámbito de acción del artículo 374, al exigir exclusividad en la posesión, se refiere al derecho a la posesión como hecho y como base para que quede luego consolidado el dominio, pero no se extiende al hecho real de la posesión, objeto del interdicto posesorio, protegiendo éste la posesión aunque no sea exclusiva y aunque esté compartida con otras personas. El hecho de que un demandado use un camino conjuntamente con un demandante no debe impedir el interdicto posesorio si el demandado ha privado al demandante de su propio uso del camino. El uso no pierde su característica de derecho real por el hecho de que no sea exclusivo.[16]

---

[16] Para llegar a esa conclusión, este Foro interpretó el Artículo 374 del Código Civil, *supra*, de la siguiente manera:

> ...La realidad es que dos o más personas pueden coetáneamente tener la posesión material o tenencia de una cosa, como por ejemplo, el caso que nos ocupa o sea, un camino por varias personas. Pero nos dice el artículo 374 que la ley no reconoce la co-posesión en varias personas. Ese artículo debe interpretarse en forma racional o sea, que no excluya la efectividad de la realidad de la posesión común en ciertos casos. Por eso es que la esfera de acción del artículo 374 debe quedar limitada a ciertas situaciones y a ciertos fines. Su área de aplicabilidad debe referirse a aquellos casos en que la exclusividad de la posesión sea necesaria para que surjan determinadas consecuencias legales como por ejemplo, la prescripción adquisitiva lograda a través de una posesión en concepto de dueño. 4 Manresa pág. 216, sexta edición: Esta regla hace sospechar que todo el artículo está escrito bajo la idea preconcebida, pero no expresada, de haber de

Como es de notarse, el ámbito de aplicación correspondiente al Artículo 374 del Código Civil, *supra*, se remite al contexto de la posesión como base para la obtención del dominio de un inmueble y no para discutir la posesión de hecho que es la que preserva el interdicto posesorio. Por eso, dicho artículo no es de aplicación al caso de autos, donde se discute únicamente el hecho de la posesión de un camino.

Habiendo aclarado el marco de aplicación del Artículo 374 del Código Civil, *supra*, debemos determinar si la parte peticionaria tiene la posesión de hecho que tutela el interdicto posesorio.

---

aplicarse a la posesión en concepto de dueño. El artículo 374 tiene la función reducida de resolver los conflictos especiales de posesión cuando dos o más posesiones están en pugna y pretendan ser exclusivas a los fines de que puedan servir de base para la adquisición de derechos dominicales. 4 Manresa, pág. 219, sexta edición; 8 Scaevola págs. 367, 375, quinta ed. Tal artículo se aplica a aquellos casos en que haya contienda sobre la posesión cuando sea relevante, **no la realidad del hecho de la posesión en si sino el derecho a la posesión de hecho** (Manresa, ob. cit., pág. 222), esto es, cuando el derecho al hecho de la posesión pueda tener significación en cuanto al logro de derechos dominicales.

El artículo 374 no debe ser aplicable a un interdicto para recobrar o retener la posesión, como es el que está envuelto en el caso de autos. La acción interdictal se refiere solamente a la realidad de la posesión en sí y no requiere que esa posesión sea exclusiva. La exclusividad es función de consecuencias legales. En el interdicto posesorio no hay margen de preocupación en cuanto a consecuencias jurídicas ni caracteriza la posesión en cuanto a su suficiencia a los fines de que sea en concepto de dueño. Ampara la posesión y eso es todo, aunque no sea exclusiva. El interdicto no es una contienda sobre el derecho a la posesión como hecho y versa sólo sobre la realidad de un despojo ya consumado o de actos reveladores de la intención de consumarlo, y se resuelve en consideración exclusiva a la reintegración del despojo o a impedir este último, sin tener en cuenta circunstancias o motivos jurídicos, que son los que animan el artículo 374 (Scaevola, *op. cit.*, pág. 368). *Janer v. Álvarez*, *supra*, págs. 41-42.

*A priori*, es imperativo señalar que es una norma bien asentada en nuestro sistema de justicia que la discreción judicial permea la evaluación de la evidencia presentada en los casos y controversias. *Pueblo v. Miranda Ortiz*, 117 D.P.R. 188, 191 (1986). Los jueces de instancia son quienes están en mejor posición de aquilatar la prueba, por ello su apreciación merece gran respeto y deferencia por parte de los tribunales apelativos. *Íd.* En ausencia de error manifiesto, perjuicio, parcialidad o pasión, no se intervendrá con sus conclusiones de hechos y apreciación de la prueba. *Íd.* Sólo se podrá intervenir con estas conclusiones cuando la apreciación de la prueba no represente el balance más racional, justiciero y jurídico de la totalidad de la prueba. *Cárdenas Maxán v. Rodríguez*, 125 D.P.R. 702, 714 (1990).

En el caso de autos, de las propias determinaciones de hecho que hizo el foro de instancia y de la transcripción de la vista, surge que el camino en controversia era utilizado por los peticionarios varias veces a la semana antes de que los recurridos lo obstaculizaran con siete barreras de cemento, lo que tuvo el efecto de despojar y perturbar a la parte peticionaria en su posesión del camino. Además, el magistrado de dicho tribunal realizó una inspección ocular en la que observó personalmente el lugar en cuanto a entradas, topografía, muros, verjas y estructuras sobre el terreno, y surge de los pronunciamientos de éste en sus determinaciones de

hecho, que pudo observar los óbices colocados en el camino por los recurridos. Surge también de los autos que el peticionario estuvo, dentro del año anterior a la presentación de la Demanda, haciendo uso del camino objeto de controversia. Este hecho fue aceptado por la propia parte recurrida en la moción urgente en solicitud de orden que instó, al señalar que durante un periodo de aproximadamente un año, la actitud de los peticionarios al utilizar el camino había sido reiterada, por lo que acudieron a las autoridades policíacas para evitar que estos siguieran usando el mismo.

Conforme lo anterior, tanto de las determinaciones de hecho realizadas por el Tribunal de Primera Instancia como de la prueba desfilada en la vista evidenciaria (según surge de la transcripción de la prueba), *prima facie*, la parte peticionaria ha presentado un caso de perturbación de su posesión del camino, ocurrida dentro del año precedente a la presentación de la Demanda. La existencia, el uso y obstrucción del camino fueron probadas, encontrándose en la transcripción base suficiente para llegar a esa conclusión. No debe perderse de vista que la corte practicó una inspección ocular y pudo apreciar por sí misma que el camino fue obstruido. Por consiguiente, la apreciación de la prueba realizada por el foro de instancia no representa el balance más racional, justiciero y jurídico de la totalidad de la prueba. Por todo lo cual resolvemos que la parte peticionaria tiene

derecho a la protección que provee el interdicto posesorio y debe ser respetada en el uso del camino.

Habiendo concluido de esta manera, los errores planteados por la parte peticionaria, al estar entrelazados con la discusión de la figura del interdicto posesorio, quedan resueltos de la siguiente manera: el segundo, tercer y quinto error se cometieron, puesto que en los pleitos de interdicto lo que se dilucida es el hecho de la posesión y no la titularidad del inmueble, y el foro apelativo adjudicó la titularidad. Es inmaterial, a los efectos de este caso, si el camino pertenece al municipio, a la parte peticionaria o a la parte recurrida, ya que dentro del **interdicto posesorio** no se dirimen cuestiones de título sino el hecho de la posesión real. De manera, pues, que presumiendo que el camino es propiedad de la parte recurrida y no del municipio o del demandante, y presumiendo que no existe la alegada servidumbre de paso desde tiempo inmemorial, aun así la parte peticionaria tiene un claro derecho a ser protegida en esa posesión mediante la acción de interdicto que ha establecido. Véase, a manera de ejemplo, *Manrique v. Álvarez*, 58 D.P.R. 74 (1941).

La parte peticionaria señala que incidió el Tribunal de Apelaciones al determinar que la parte peticionaria no ejerce la posesión de la servidumbre de paso objeto del presente pleito. Le asiste la razón. La parte peticionaria tiene derecho a ser protegida en su posesión de hecho

sobre el camino en cuestión. Según expresamos, la posesión o tenencia, no el derecho o titularidad, del uso de una servidumbre como la de paso, puede ser objeto del procedimiento de *injunction* para recobrar la posesión. Por tanto, lo resuelto aquí no significa que existe una servidumbre de paso por tiempo inmemorial a favor de los peticionarios. El alcance de nuestro dictamen se limita a resolver que los peticionarios tienen derecho a ser protegidos en el uso y posesión de tal inmueble. Una cosa es la adquisición del derecho de servidumbre de paso y otra muy distinta la protección posesoria del paso de la alegada servidumbre. Por eso, para adjudicar el derecho de servidumbre, la acción correspondiente no es la de interdicto posesorio sino que debe acudirse a la vía ordinaria y celebrarse un juicio plenario. En fin, nuestro dictamen es a los efectos de hacer extensiva la protección interdictal sobre el uso del camino en controversia y no el de adjudicar el derecho de servidumbre de paso por tiempo inmemorial a favor de la parte peticionaria.

Finalmente, la parte peticionaria aduce como error que el Tribunal de Apelaciones incidió al confirmar la sentencia del Tribunal de Primera Instancia sin tomar en consideración lo resuelto en el caso *Luis Miranda Cruz v. Puerta Dorada*, *Inc.*, ABCI2003-00503. Allí, el Tribunal de Apelaciones, confirmando al Tribunal de Primera Instancia, resolvió a favor de los peticionarios una controversia que versaba sobre el mismo camino objeto de

disputa en el caso de autos. En síntesis sostuvo que de los autos se desprendía que la acción ejercitada era una de interdicto posesorio y que los peticionarios tenían derecho a la protección interdictal del camino. Como ya hemos señalado, el interdicto posesorio tiene por objeto decidir interinamente sobre el hecho de la posesión, sin perjuicio del derecho de los interesados, ya que por su propio carácter, las resoluciones recaídas en estas acciones no deciden nada en definitiva. Véase, *Martorell v. El Municipio de Dorado*, *supra*, pág. 386. Por lo tanto, el Tribunal de Apelaciones no tenía la obligación de considerar lo resuelto en *Luis Miranda Cruz v. Puerta Dorada*, *Inc.* *supra*, debido a que dicha sentencia no tenía el carácter de cosa juzgada por recaer en un pleito de interdicto posesorio. Por ende, no erró el Tribunal de Apelaciones, en el caso de autos al no considerar lo resuelto en *Luis Miranda Cruz v. Puerta Dorada*, *Inc.*, *supra*.

Para concluir, es imperativo recalcar que lo resuelto hoy en el caso de autos no soslaya el derecho de las partes y de otros a quienes pueda competer para litigar mediante el procedimiento ordinario el derecho titular sobre el inmueble y cualesquiera otros extremos que fueren procedentes.

III.

Por los fundamentos antes esbozados, se revoca la sentencia emitida por el Tribunal de Apelaciones que

confirmó al Tribunal de Primera Instancia. Se dictará sentencia declarando con lugar la Demanda conforme a lo preceptuado por el Artículo 695 del Código de Enjuiciamiento Civil, 32 L.P.R.A. sec. 3566.

Se dictará Sentencia de Conformidad.


Mildred G. Pabón Charneco
Jueza Asociada

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Luis Miranda Cruz, Carlos Ramírez Sánchez, Ramón Acevedo Saltares

    Peticionarios

       v.

Dennis L. Ritch, Carol Ritch y la Sociedad Legal de Gananciales constituida por ambos

    Recurridos

Certiorari

CC-2007-709

SENTENCIA

San Juan, Puerto Rico, a 18 de septiembre de 2009.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte íntegra de la presente, se revoca la sentencia emitida por el Tribunal de Apelaciones que confirmó al Tribunal de Primera Instancia y se dictará sentencia declarando con lugar la Demanda conforme a lo preceptuado por el Artículo 695 del Código de Enjuiciamiento Civil, 32 L.P.R.A. sec. 3566.

Así lo pronunció y manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Martínez Torres está inhibido.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo